Ronald E. WATSON, Ronald Anderson,
Dixie D. Wilson, Appellants,

v.

CITY OF NEWARK; Peter S. Marshall, individually and as Manager of the City of Newark; William M. Redd, individually and as Mayor of the City of Newark; Edwin H. Nutter, individually and as a Councilman of the City of Newark; Ronald L. Gardner, individually and as a Councilman of the City of Newark; William M. Coverdale, individually and as a Councilman of the City of Newark; John R. Suchanec, individually and as a Councilman of the City of Newark; Richard D. Lash, individually and as a Councilman of the City of Newark, Appellees.

No. 84–5289.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Oct. 19, 1984.

Decided Oct. 31, 1984.

Michael S. Purzycki, Ferrara, Lyons & Purzycki, Wilmington, Del., for appellants.

Thomas G. Hughes, O'Donnell & Hughes, P.A., Wilmington, Del., for appellees.

Before GIBBONS and BECKER, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

Ronald E. Watson, Ronald Anderson and Dixie D. Wilson are employees of the City of Newark, Delaware, who claim that their right to political expression is unconstitutionally denied to them by Section 1104 of the Charter of the City of Newark (1965), as amended. These employees specifically complain about the following language:

No person who holds any paid appointive city position shall make, solicit or receive, or be in any manner concerned in the making, soliciting or receiving of any

assessment, subscription or contribution to any candidate for public office in the city government; nor shall any such person take any part in any political campaigns for said offices.

Newark Charter § 1104, App. 62.

The employees desire to express their views as to the issues in City Council and Mayoral campaigns and to endorse candidates for city office both publicly and privately. App. 7–8.

The City of Newark is a municipal corporation whose home rule charter is authorized under Del.Code Ann. tit. 22, ch. 8 (1981). The individual defendants are the City Manager, the Mayor, and Council members of the City of Newark.

### I.

The Newark city government has been designed to insulate employees from political pressure from their superiors. The Newark city government is commonly referred to as a council/manager form of government. The City Manager is a professional manager who performs all of the municipality's executive functions. He is hired by an elective council and can only be fired by a super-majority of the council. Newark City Charter §§ 701.1, 701.2. App. 55, 56. The City Council and its members are forbidden by the Newark City Charter from in any manner dictating the appointment or removal of any City employee, and Council members are required to deal with City employees solely through the City Manager. Newark City Charter § 305. App. 53. City Council members may not give orders to any City employee either publicly or privately. *Id.* The City Council has abided by these restrictions. Deposition of Peter S. Marshall,[1] p. 31. App. 36. The City's employees are covered by a "merit system" whereby all appointments and promotions are made by the City Manager solely on "merit and fitness." Newark City Charter § 703.1. App. 59. The city charter specifically prohibits any city employee including elected officials, from promising an appointment to any City posi-

tion as "a reward for any political activity." Newark City Charter § 1104. App. 61.

It is uncontroverted that City of Newark elections are nonpartisan. Defendants' Answer, para. 8. App. 10. There are no party designations on any ballots in any municipal election or on any nomination petition. Newark City Charter § 1001. App. 60. And, by tradition, the political parties of Newark have not directly participated in City elections. Deposition of Peter S. Marshall, p. 28–30. App. 33–35.

The City of Newark has not issued guidelines to the employees describing what kind of conduct is prohibited by the aforementioned City Charter provision Section 1104. Deposition of Peter S. Marshall, p. 26. App. 31. City Code § 2–62 was enacted to implement City Charter Section 1104, but is, in substance and wording, practically identical to the Charter and contains no elaboration or definition. *See* App. 67.

The employees filed this civil action for declaratory and injunctive relief on March 17, 1983, in the United States District Court for the District of Delaware to enjoin deprivation of their civil rights. The City of Newark filed its Answer and subsequently filed a Motion to Dismiss and Motion for Declaratory Judgment. At the hearing before the district court on the City's Motion to Dismiss on December 15, 1983, the court determined that the case should be treated as having been presented on Cross-Motions for Summary Judgment. On March 22, 1984, the employees filed a Motion for Preliminary Injunction to enjoin enforcement of Section 1104 prior to City elections scheduled for April 10, 1984. App. 17.

On March 28, 1984, the district court denied defendants' Motion for Summary Judgment and granted plaintiffs' Motion for Summary Judgment. The court enjoined defendants, their employees and agents, from enforcing Section 1104 of the Charter of the City of Newark insofar as it prohibits any person who holds any paid

---

1. Peter S. Marshall is the current manager of the City of Newark.

appointive city position from taking part in any political campaigns for City government offices. The court's ruling was based on its conclusion that "the challenged portion of Section 1104 is impermissibly vague and can be construed to apply to protected expression . . . ." App. 106.

In *dictum*, however, the court opined against the employees' argument that the first amendment does not allow restrictions on the political rights of employees of nonpartisan cities. Employees had argued that the United States Supreme Court's decisions in earlier "Hatch Act" cases, *United States Civil Service Comm' v. National Ass'n of Letter Carriers*, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973) and *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) had upheld only narrowly drawn restrictions upon *partisan* political activities of governmental employees. The district court, in *dictum*, declined to give weight to this partisan/nonpartisan distinction. App. 100, 101.

This "ruling,"[2] employees claim, has given the City of Newark the green light to trample on their rights by allowing Newark to resurrect restrictions on political activity by City employees in the City's nonpartisan elections. Appellants claim that the City has already evidenced a present, firm intention to reimpose limits upon the extent to which its employees may participate in nonpartisan City politics. For example, appellants submit, the letter from the City Solicitor, Thomas G. Hughes, to the district court in opposition to plaintiffs' fee application, indicates that the City intends to "effectively limit" political activity by its employees as much as possible:

> The Court, . . . held that municipalities can limit political activity of its employees even if the City is a nonpartisan City and that the "partisan/nonpartisan" is-

sue is not a valid distinction which voids the teaching of the *Broaderick* [sic] and *Letter Carriers* decisions.

. . . .

Thus insofar as Newark is concerned, Newark lost a battle but won the war. Newark believes the decision vindicates its power to enact rules or ordinances which effectively limit the extent to which its employees may participate in Newark City politics so long as the rules or ordinances are "reasonable" in striking a balance between the First Amendment and the City's rights.

App. 84.

Based on the foregoing, the employees contend that Newark intends to continue its "war against its employees' participation in political activity." Accordingly, they appeal the district court's *dictum* that the City of Newark may constitutionally restrict the political participation of its employees in nonpartisan City elections.

### II.

An appellant must be privy to the record and *must be aggrieved by the order appealed from.* 9 J. Moore, B. Ward, *Moore's Federal Practice*, ¶ 203.06 (2d ed. 1981); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3902 (1976). Generally, a party who receives all of the relief which he sought is not aggrieved by the judgment affording the relief and cannot appeal from it. *Id.* In this case the appellants received all of the relief which they sought, and were in no way aggrieved by the district court order—an order which granted a final judgment enjoining the defendants from enforcing Section 1104 of the Charter of the City of Newark. Accordingly, appellants may not appeal from this favorable disposition. *See also Liberty Mutual Ins. Co. v.*

---

**2.** Employees claim that the district court "held" or "ruled" against them on their argument that the first amendment does not allow restrictions on the political rights of employees of nonpartisan cities. Brief for Appellant at 4. The refer-

enced passage of the district court memorandum opinion (App. 100–01) is better characterized as "dictum" not necessary to the result in the instant case.

*Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Perez v. Ledesma,* 401 U.S. 82, 87 n. 3, 91 S.Ct. 674, 678 n. 3, 27 L.Ed.2d 701 (1971) (successful party cannot appeal from its victory); *Elect. Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); *New York Tele. Co.* v. *Maltbie,* 291 U.S. 645, 646, 54 S.Ct. 443, 78 L.Ed. 1041 (1934) (telephone company obtained permanent injunction against enforcement of challenged rate order but unsuccessfully sought to appeal portions of the decree fixing the value of its property and the rate of return to be allowed); *In re First Colonial Corp. of America,* 693 F.2d 447, 449–50 n. 5 (5th Cir.1982), *cert. denied* 461 U.S. 915, 103 S.Ct. 1896, 77 L.Ed.2d 285 ("One may not appeal an issue upon which one prevailed absent exceptional circumstances."); *In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1137, 1149 n. 16 (3d Cir.1982) (plaintiff who had obtained a preliminary injunction could not cross-appeal to secure review of a sentence in the district court opinion. A party successful in the district court has no right to appeal for the purpose of obtaining review of findings that are not necessary to support the favorable order); *Williams v. Frey,* 551 F.2d 932, 934 (3d Cir.1977) (a representative of a plaintiff class could not appeal denial of the defendants' motion to modify the judgment, since he was not injured by the denial); *In re Glenn W. Turner Enterprises Litigation,* 521 F.2d 775, 781 (3d Cir.1975) (parties aggrieved by various interlocutory pretrial orders directed at the handling of a class action could not "piggy-back an appeal" by joining an appeal by a party subject to an interlocutory injunction order that did not affect other parties).

Therefore, we will dismiss this appeal for lack of standing. Of course the doors of the courthouse always remain open to appellants should the City of Newark enact new regulations that, in appellants' opinion, constitute unconstitutional restriction upon their first amendment rights.