**Donald Sylvester JONES, Appellant,**

v.

**Charles H. ZIMMERMAN, Superintendent, and Leroy S. Zimmerman, Attorney General of Pennsylvania.**

No. 84–5175.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6).

Oct. 10, 1984.

Decided Jan. 16, 1985.

Donald Sylvester Jones, pro se.

Richard A. Lewis, Dist. Atty., Katherene E. Holtzinger, Deputy Dist. Atty., Harrisburg, Pa., for appellees.

Before GIBBONS, SLOVITER, and VAN DUSEN, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Before us is an appeal from the dismissal of a prisoner's habeas corpus petition because he failed to pay a $5.00 filing fee as ordered.

Donald Jones, a prisoner in the Pennsylvania State Institution at Huntingdon, Pennsylvania, filed a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of appellate counsel in the appeal from his conviction in state court of third-degree murder. Contemporaneously, he filed an affidavit in support of a request to proceed in forma pauperis in which he alleged the absence of any assets and the receipt of $15.00 per month wages from work he performed at the institution. On July 5, 1983, the United States Magistrate ordered the warden or another appropriate official to provide "a statement of the current balance in the prisoner's account and a record of the transactions in that account that have occurred within the preceding six (6) months." The following day the magistrate issued a memorandum and order denying leave to proceed in forma pauperis, which stated, *inter alia:*

> Jones earns about $15.00 a month in prison wages. He has $17.39 in his prison savings account. A review of the debits and credits to his prison account for the past six months reveals that in addition to his prison wages, he received eight separate cash receipts between December 10, 1982 and June 21, 1983 totaling $97.40.[1] Jones' expenses for the past six months have been primarily for postage, television cable service and library services.

On July 12, 1983, Jones filed timely objections to the magistrate's order of July 6, 1983 in which he stated, *inter alia:*

> Plaintiff first states that, to his knowledge, he has been indebted to his prison in amounts of monies which deny him

---

receipts are not acknowledged.

any ability to purchase articles from the prison Commissary. His monthly wages are being spent on costs of mailing his litigation(s) in this Court and other fees for services at the prison library. If, in fact, Plaintiff is not indebted to his prison at the time of his filing the instant petition, it is, indeed, news to the Plaintiff. However, the Magistrate seems to be basing his wishing Plaintiff to pay a partial filing fee, not upon the monthly wages which Plaintiff earns, but, upon Plaintiff having received from the dates of December 10th, 1982 and June 21st, 1983, a total of $97.40 from his mother.

Plaintiff states that this conclusion is not appropriate, in that this Court has full knowledge that, in December of 1982, after the 10th, Plaintiff was indebted the sum of $36.50 to his prison. Furthermore, Plaintiff has no sum of this amount on his prison account at any time during the dates stated by the Magistrate. By this fact, Plaintiff, at all times herein, is a pauper and entitled to the benefits of being granted leave to proceed in forma pauperis.

On appeal to the district court, the decision of the magistrate to require Jones to pay the $5.00 filing fee was affirmed. The district court found that no portion of the magistrate's order was "clearly erroneous or contrary to law" and stated that since Jones had $17.39 in his prison savings account, the $5.00 filing fee would leave him with $12.39 in his prison savings account. This amount, according to the district court, "is clearly enough to permit Jones to enjoy the small amenities of prison life until the next time he receives his monthly paycheck of $15.00 in prison wages." Order of September 7, 1983.

Since Jones did not pay the $5.00 filing fee, the district court entered an order on January 11, 1984 dismissing the case. Jones then filed a motion for reconsideration in which he stated that after receipt of the court's order, he attempted to submit the filing fee, but was informed by the prison accountants that he lacked sufficient funds to comply with his request. The exhibits attached to Jones' motion support this allegation, since his request dated September 13, 1983 that a money order for $5.00 be submitted to the United States District Court for the Middle District of Pennsylvania was returned due to insufficient funds on September 20, 1983. The district court denied the motion for reconsideration of the January 11, 1984 order dismissing the case, stating, "Prior to January 23, 1984 Jones had not indicated to the Court that he objected to or was unable to comply with the Court's September 7 order" and "has not pointed to any good cause for his failure to request relief from the September 7 order."

■ Our standard of review is whether "the district court was guilty of an abuse of discretion in requiring [Jones] to pay [$5.00] of the filing fee as a prerequisite to being granted status in forma pauperis and, therefore, erred in dismissing his complaint because of his failure to do so." *Bullock v. Suomela,* 710 F.2d 102, 103 (3d Cir.1983).

■ Recent case law permits the use of a partial filing fee by prisoners who seek to sue in forma pauperis status, and that procedure was approved in *Bullock v. Suomela,* as within the authority conferred by 28 U.S.C. § 1915(a). However, in *Bullock* we held, in an opinion authored by Judge Maris, that the district court had abused its discretion in imposing a $4.00 filing fee on a prisoner whose account had a balance of $4.76, whose average monthly wages were $17.48, and who had receipts of $144.22 during the six-month period preceding suit. That holding controls our disposition here where the facts are similar. Even if the prison accounting is correct, it shows that Jones has a monthly wage of only $15.00, had receipts of $97.40 in the preceding six months, and had a balance of $17.39 in his prison savings account. *See Green v. Estelle,* 649 F.2d 298, 302 (5th Cir.1981) (per curiam) (district court's decision to require prisoner to choose between having his complaint dismissed or making a filing payment of $12, totaling 40% of his total present assets, was an abuse of discretion).

The partial filing fee has evolved as an attempt to deal with the flood of pro se § 1983 prisoner actions that clog the federal court calendars. *See Evans v. Croom,* 650 F.2d 521, 523 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). We are, of course, cognizant and concerned that this is a particularly pressing problem for the district court for the Middle District of Pennsylvania (where this case and *Bullock* both originated) because of the presence of a disproportionately high number of federal and state institutions within that district. However, an inflexible application of the partial filing fee requirement to prisoners who, from a realistic standpoint, have no assets, may entail a greater expenditure of judicial time and effort than it will save.

We reiterate that "[t]he purpose of [28 U.S.C.] § 1915 is to provide an entré, not a barrier, to the indigent seeking relief in the federal court." *Souder v. McGuire,* 516 F.2d 820, 823 (3d Cir.1975). As explained by the Supreme Court, the in forma pauperis statute was "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.,* 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948). It would be contrary to the spirit of that statute "to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution." *Id.* at 340, 69 S.Ct. at 89.

In applying these principles to the prisoner's situation, in *Bullock v. Suomela* we reaffirmed that prisoners are not required to surrender "those small amenities of life which they are permitted to acquire in a prison" in order to litigate in forma pauperis in the district court. 710 F.2d at 103, *quoting Souder v. McGuire,* 516 F.2d at 824. Clearly, the order conditioning Jones' maintenance of this lawsuit on his payment of a $5.00 filing fee would have required him to do so. The prison savings account statement submitted by the institution to the magistrate shows use of the small funds available to Jones for such amenities as postage, TV cable, and library services which the prisoner should not have to forego to institute suit. Moreover, it is of some significance that the action at issue is a habeas corpus action pertaining to the validity of the underlying conviction for which Jones is incarcerated and, hence, whatever its ultimate disposition on the merits, is one that he should have an opportunity to prosecute.

Furthermore, we are concerned that the procedure utilized apparently did not give Jones an opportunity to contest the account balance submitted by the institution. Jones has consistently claimed that he is a pauper and that any information to the contrary received from the prison accountants must have been in error. In fact, it appears to be mere happenstance that there was a credit balance in Jones' account as of the date the information was submitted to the magistrate. Had it been submitted as of May 5, 1983 instead of June 21, 1983, it would have shown a debit balance of $12.59. On various other dates during the six months reflected, Jones' account showed a debit balance. Jones certainly did not waive the contention that a filing fee was inappropriate, as appellees argue, since in his objections to the magistrate's report, he explicitly stated that after the 10th of December 1982 he was indebted in the sum of $36.50 to the prison.

As a matter of elementary fairness, the prisoner should be given a reasonable opportunity to see and respond to the account information submitted by the prison officials, so that he or she will have the opportunity to correct any misinformation or misleading inferences that might be drawn therefrom.

For the foregoing reasons and in view of the facts recited above, the order of the district court will be reversed and the cause remanded with directions to reinstate Jones' action and to grant his request for leave to proceed without prepayment of fees and costs.