

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Rogers v. SOAP-Agencia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rogers v. SOAP-Agencia" (2007). *2007 Decisions.* Paper 394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-359                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2601
_____

KEVIN ROGERS; SOAP-AGENCIA;
NEW COMMUNITY HOMES COOPERATIVE ASSOCIATION;
ESTATE OF ARDELL ROGERS

v.

UNITED STATES OF AMERICA

Kevin Rogers,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 07-cv-01219)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted For Possible Dismissal Due to a Jurisdictional Defect or
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2007

Before:     RENDELL, SMITH AND JORDAN,  Circuit Judges.

(Filed September 21, 2007)
_____

OPINION
_____

PER CURIAM

Appellant, Kevin Rogers, appeals from the District Court's denial of his motion to proceed in forma pauperis. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's determination for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

Rogers filed his complaint and application to proceed in forma pauperis on March 13, 2007. He reported that he received $140 from the Newark City Welfare Department,[1] but had no other income or assets. On May 9, 2007, the District Court denied the motion without explanation. Rogers appealed this order on May 24, 2007.

Evaluating motions to proceed in forma papueris under 28 U.S.C. § 1915 is a two step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must examine the litigant's financial status to determine whether she qualifies for in forma pauperis status under § 1915(a). Id. If, and only if, the litigant overcomes this threshold requirement, the court must decide whether the complaint is legally frivolous or otherwise eligible for sua sponte dismissal under § 1915(e). See id.; Sinwell v. Schapp, 536 F.2d 15, 19 (3d Cir. 1976). Section 1915 is intended to "provide an entré, not a barrier, to the indigent seeking relief in the federal court," Souder v. McGuire, 516 F.2d 820, 823 (3d Cir.1975), and "one must [not] be absolutely destitute to enjoy the benefit of the statute." Belitskus v. Pizzingrilli, 343 F.3d 632, 641 n.7 (3d Cir. 2003) (citations

_____

[1] The application does not specify whether he received this sum weekly or monthly.

2

omitted).

At the time Rogers filed his complaint, the District Court filing fee was $350. 28 U.S.C. § 1914(a). Even assuming that the $140 income referred to in appellant's § 1915 application was disbursed weekly, the District Court filing fee was more than half of his monthly income. We think it is clear that he would have been unable to pay the filing fee under these circumstances and conclude that the District Court abused its discretion in denying leave to proceed in forma pauperis.[2]

Accordingly, we will vacate the District Court's order and remand the case for further proceedings.

---

[2] We make no determinations regarding the sufficiency of Rogers's complaint.