

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Huertas v. Marvel & Maloney

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Huertas v. Marvel & Maloney" (2007). *2007 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 07-1382

——————————

HECTOR L. HUERTAS,
on behalf of himself and
all other similarly situated

v.

MARVEL & MALONEY,
A Professional Corporation;
MICHAEL J. MALONEY

Hector L. Huertas,

Appellant

——————————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-06161)
District Judge:  Honorable Renee Marie Bumb

——————————

Submitted on Motion to Proceed In Forma Pauperis and for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2007

Before:    RENDELL, SMITH and JORDAN, Circuit Judges

(Opinion Filed: November 26, 2007)

——————————

OPINION

——————————

PER CURIAM

Hector L. Huertas wished to file a complaint in the District Court without paying the filing fees. Accordingly, he submitted an application to proceed in forma pauperis. In his application, he reported a monthly income of $1927.90 (Social Security benefits and disability benefits from the Veterans Administration) and a balance of $952.60 in a money market account. He did not report any expenses. The District Court denied Huertas's application, noting that he had available funds to pay the filing fees.

Huertas appeals. He has filed an application to appeal in forma pauperis. He reports a similar monthly income and slightly higher account balance. Unlike in the District Court, Huertas's application includes a listing of his monthly expenses. Also, in a supplemental filing in response to our request, Huertas provides a detailed accounting of many of his expenses. His expenses are approximately equal to his monthly income.

We will grant Huertas's application, but we will summarily affirm, resolving the apparent contradiction in the process. Essentially, on appeal, Huertas met his burden to show that he is not able to pay the fees, while, in the District Court, he did not.

We have jurisdiction over Heurtas's appeal because the District Court's order denying leave to proceed in forma pauperis is a final, collateral order appealable under 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). We review the District Court's order for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

The decision to grant in forma pauperis turns on whether an applicant is "economically eligible" for such status. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted). A person need not be "absolutely destitute" to proceed in forma

pauperis, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); however,

an affiant must show the inability to pay the fees on appeal, see Walker v. People Express

Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

The District Court did not abuse its discretion in denying Huertas in

forma pauperis status on the basis of his affidavit.  In the District Court, Huertas

described his monthly income and an account balance.  Unlike in his application to us

(and in his response to our order), he did not list any expenses or liabilities in his

application to the District Court.  Given the information that Huertas provided, it cannot

be said that the District Court abused its discretion in concluding that Huertas had funds

available to pay the requisite fees.  Accordingly, although we grant Huertas's application

to proceed in forma pauperis on appeal, we will affirm the District Court's order.