**Karl E. WHITE, Appellant**

**v.**

**G. Michael GREEN; Chris D. Rosato; Ian McCurdy; Lori Anderson; Mary Mann; Joseph Cronin; William R. Toal, Jr.; Phil Pisani; Ms. Lopresti; Barry C. Dozer; Sue Williams; Michael F.X. Coll; Mimi Bradley Walker; Debra S. Schilling; Kathleen Connor; George Hill Correctional Facility, individually.**

Nos. 09–3412, 09–4138, 09–4324.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 26, 2010.

Opinion filed June 2, 2010.

Karl E. White, Chester, PA, pro se.

Mark A. Raith, Esq., Holsten & Associates, Media, PA, for G. Michael Green, Chris D. Rosato, Ian McCurdy, Lori Anderson, Mary Mann, Sue Williams.

Maryellen Gallagher, Esq., Supreme Court of Pennsylvania, Administrative Office of PA Courts, Philadelphia, PA, for Joseph Cronin, William R. Toal, Jr., Barry C. Dozer, Michael F.X. Coll.

Michael P. Laffey, Esq., Holsten & Associates, Media, PA, for Phil Pisani, Ms. Lopresti.

Scott C. Gottel, Esq., Holsten & Associates, Media, PA, for Mimi B. Walker, Debra S. Schilling, Kathleen Connor.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

This is an appeal from the District Court's dismissal of Karl E. White's pro se civil rights complaint. We will affirm.

White initiated his lawsuit in March 2009 by filing an application to proceed in forma pauperis (IFP). The District Court denied the application citing White's ability to pay the $350 filing fee. White then paid the fee and filed a complaint alleging false imprisonment against state prosecutors, judges, and pre-trial bail officers who denied him bail in a 2007 criminal case. According to White, he was arrested in April 2007 and held for 10 months in the George W. Hill Correctional Facility. White also named the Correctional Facility as a defendant, claiming that it falsely imprisoned him and that guards there performed unnecessary strip searches. Finally, White claimed that two judges and three agents from the Delaware County Domestic Relations Department seized his federal stimulus payment.

All of the defendants, except for the Correctional Facility, filed motions to dismiss. The District Court granted the motions and allowed White twenty days to file an amended complaint against the Correctional Facility. White failed to file an amended complaint. The Correctional Facility then moved to dismiss, citing White's failure to serve his complaint in accordance with Fed.R.Civ.P. 4. The District Court

granted the motion, dismissed the complaint, and provided White twenty days to amend and to effectuate proper service. Instead of amending, White filed a notice of appeal from the District Court's order. White filed two other notices of appeal and he challenges ten of the District Court's orders on appeal. The Clerk consolidated the appeals.

We have jurisdiction over the final orders of District Courts under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's decision to grant defendants' motions to dismiss. *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 346 (3d Cir.2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that a defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). We review the District Court's order dismissing a complaint for improper service for abuse of discretion. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir.1995). We review the denial of leave to proceed IFP for abuse of discretion. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985).

■ First, we find that the District Court did not abuse its discretion in requiring White to pay the $350 filing fee. In his declaration in support of his IFP application, White stated that he earned $1,144 per month from his job. He also stated that he did not pay rent, that he paid $30 a week in child support payments, and that he received food stamps. Given White's financial resources, the filing fee did not impermissibly " 'force [him] to abandon what may be a meritorious claim in order to spare himself complete destitution.' " *Id.* at 79 (*quoting Adkins v. DuPont Co.*, 335 U.S. 331, 340, 69 S.Ct. 85, 93 L.Ed. 43 (1948)).[2]

■ Second, we agree with the District Court that White's complaint failed to state a plausible claim for relief. White's claims against judicial defendants for presiding over his civil and criminal cases are barred by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (listing requirements for application of judicial immunity). Moreover, the prosecutorial defendants are also immune from civil suits for initiating and presenting a criminal case against White. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *see also Ernst v. Child and Youth Servs. of Chester County*, 108 F.3d 486, 502 (3d Cir.1997) (noting that immunity applies even if the prosecutor acted in bad faith).

1. White's first notice of appeal, docketed as C.A. No. 09–3412, was from the District Court's August 4 order granting the first motion to dismiss. At that time, the order was not appealable inasmuch as White had outstanding claims pending against the Correctional Facility. The District Court has since dismissed White's claims against all parties. The August 4 order is therefore now final and appealable. *See Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 185 (3d Cir.1983) (considering a premature appeal that is followed by a final order to be an appeal from the final order). Further, White filed a notice of appeal after the District Court's final order, triggering the review of all previous orders.

2. White also filed a notice of appeal from the District Court's decision to grant him IFP on appeal. Inasmuch as he was not aggrieved by the District Court's order, he lacks standing to appeal it. *See Watson v. City of Newark*, 746 F.2d 1008, 1010 (3d Cir.1984).

■ We also agree that the District Court properly dismissed White's claims against the bail agency defendants. White's only allegation against the bail agency defendants was that they denied him bail. In Pennsylvania, however, only a court may deny a defendant bail. *See Commonwealth v. Dixon*, 589 Pa. 28, 907 A.2d 468, 477 n. 12 (2006) ("Article I, Section 14 of the Pennsylvania Constitution permits courts to deny bail when 'no condition or combination other than imprisonment will reasonably assure the safety of any person in the community.'") White has not alleged a plausible claim that non-judicial actors somehow denied him bail. Therefore, White did not state a claim on which relief could be granted.

■ Similarly, White did not state a viable claim against the defendants who work for the Delaware County Domestic Relations Department. White alleges that these defendants were "the motivating force" behind two judges who seized White's federal stimulus payment. The stimulus payment, however, was seized pursuant to a state court child support order. The individual defendants who were carrying out the court's order are immune from civil suit. *See Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 772–73 (3d Cir. 2000). Given the futility of attempting to sue defendants who are immune from suit, we also hold that the District Court did not abuse its discretion in denying White's attempts to amend his complaint against the non-Correctional Facility defendants. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (District Court may, at its discretion, refuse to grant leave to amend where amendment would be futile).

■ The District Court also did not abuse its discretion in dismissing the claims against the Correctional Facility, owned by local government, for improper service. Federal Rule of Civil Procedure 4(j)(2) requires that a local government be served "by delivering a copy of the summons and of the complaint to its chief executive officer" or by a process permitted under Pennsylvania law. Under Pennsylvania law, service could be effectuated by handing a copy to (1) an agent duly authorized, or (2) the person in charge at the office of the defendant, or (3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, or in some cases, the chairman or clerk of the board of county commissioners. *See* Pa. R. Civ. P. 422(b). White sent a copy of the complaint to the Correctional Facility via certified mail. This method does not comply with either provisions of Rule 4. Further, White has not shown good cause for his failure to serve the Correctional Facility. *See Petrucelli*, 46 F.3d at 1305. The District Court, therefore, did not abuse its discretion in dismissing the complaint for improper service. Inasmuch as White did not properly serve the Correctional Facility, the District Court also properly denied White's motion for default judgment. *See Gold Kist Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985) ("A default judgment entered when there has been no proper service of complaint is, a fortiori, void, and should be set aside.")

For the foregoing reasons, we will affirm the District Court's order dismissing White's civil suit.[3]

---

3. We also agree with the District Court's denial of White's motion to disqualify. The record

does not support the appearance of bias or prejudice on the part of the District Court Judge. Nor did White demonstrate that he met the requirements for a temporary injunction.