BLD-042                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3091
_____

MELVIN LINDSEY,
                                        Appellant

v.

DONNA ROMAN; ROBERT WADDELL; JENNIE MACKNIGHT;
SALLY GENNARINI; JOHN KERESTES; JEFFREY A. BEARD;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 10-cv-00953)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: December 1, 2010)
_____

OPINION
_____

PER CURIAM

        Melvin Lindsey, an inmate presently confined by the Pennsylvania Department of

Corrections, appeals from orders of the District Court dismissing his complaint without

prejudice and denying his subsequent motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

I.

In April 2010, Lindsey filed this civil rights complaint under 42 U.S.C. § 1983. By administrative order dated May 6, 2010, the District Court gave Lindsey thirty days to either pay the $350.00 filing fee or complete an application to proceed in forma pauperis (IFP). Lindsey filed an incomplete IFP application – it did not include an authorization form – two weeks later. In June 2010, the District Court dismissed Lindsey's civil action without prejudice because "[t]hirty (30) days have elapsed from the date of our Order and the Plaintiff has neither filed an authorization form nor requested an extension of time in which to do so."

Lindsey then moved for reconsideration of the District Court's order, claiming that his failure to timely file a complete IFP application was due to forces "beyond his control." Lindsey attached to his motion a filled-out authorization form. In July 2010, the District Court denied the motion for reconsideration, concluding that "petitioner fails to rely on one of three major grounds for reconsideration . . . and merely reargues matters addressed by the court and disposed of in the previous order."[1] The District Court

---

[1] The District Court did not consider whether Lindsey's motion for reconsideration could be construed as a motion for relief from judgment, based on excusable neglect, under Federal Rule of Civil Procedure 60(b)(1). Any error was harmless, however, because Lindsey's allegations – that his failure to file an authorization form was the result "of a lack of information and misfiling" – are belied by the record. See Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) ("The test for 'excusable neglect' is

instructed that Lindsey "may file a new action." The District Court reinforced that instruction in a footnote to its order, stating that its previous "dismissal was without prejudice to plaintiff's right to refile the action with the appropriate forms." Lindsey appealed.

## II.

We must first consider our jurisdiction. The District Court dismissed Lindsey's civil action without prejudice. The general rule is that a without-prejudice dismissal "is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Here, however, the District Court's July 2010 order made clear to Lindsey that the defect in his filing could not be cured in the civil action at issue, and that he would have to "file a new action" to advance his civil rights claims. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Therefore, we have jurisdiction under 28 U.S.C. § 1291 notwithstanding the District Court's without-prejudice dismissal.

## III.

A District Court's dismissal for failure to pay fees is reviewed for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). That same standard is used in reviewing the denial of a motion for reconsideration. See United

___

equitable, and requires us to weigh the 'totality of the circumstances.'") (citation omitted).

3

States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). We may take summary action if an appeal presents no substantial question. See 3d Cir. LAR 24.7; I.O.P. 10.6.

We conclude that the District Court did not abuse its discretion in dismissing Lindsey's civil action for failure to either pay the associated filing fee or file a completed IFP application. Lindsey's IFP application was plainly lacking an authorization form, even though the District Court's May 6, 2010 administrative order explained to Lindsey that the form was a necessary component. The administrative order also indicated that "[a]n application to proceed in forma pauperis and an authorization form [were] enclosed" in the District Court's mailing.

We also conclude that the District Court did not abuse its discretion in denying Lindsey's motion for reconsideration. "The purpose of such a motion is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." Dupree, 617 F.3d at 732. The District Court committed no error of law in dismissing Lindsey's case. Moreover, we cannot say that there was some manifest injustice latent in the District Court's decision; Lindsey can refile his complaint, accompanied by the documents that are required to obtain IFP status, at any time within the applicable limitations period.[2]

_____

[2] Based on Lindsey's allegations, the earliest complained-of civil rights violation appears to have occurred "on or about August 14, 2009." Despite the time exhausted while Lindsey pursued this appeal, he should have no difficulty with timely refiling his complaint. See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996) ("In § 1983 cases, federal courts apply the state personal injury statute of limitations, which in [Pennsylvania] is two years.") (citations omitted).

Accordingly, we will summarily affirm the judgment of the District Court.

Appellant's motion for remand under Rule 27, Fed. R. App. P., is denied.