BLD-213                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1248
_____

RONALD CHAVIS,
                                            Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-06951)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed June 28, 2011 )
_____

OPINION
_____

PER CURIAM

        <u>Pro se</u> appellant Ronald Chavis appeals the District Court's order that denied his

request to proceed <u>in forma pauperis</u> (IFP) and dismissed his case.  We have jurisdiction

pursuant to 28 U.S.C. § 1291 and review the District Court's order for abuse of

discretion.  <u>See</u> <u>Jones v. Zimmerman</u>, 752 F.2d 76, 78 (3d Cir. 1985).  For the reasons

discussed below, we will summarily vacate the District Court's order and remand for further proceedings. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Chavis filed a habeas petition that he purported to bring pursuant to 28 U.S.C. § 2241. Although his allegations are somewhat scattered, a central claim emerges: he contends that his constitutional right to a speedy trial has been violated in a Pennsylvania state court criminal action (No. MC-51-CR-0738111-2006) that has been pending for four-and-a-half years. Along with his habeas petition, Chavis submitted a motion to proceed IFP, in which he stated that he had no assets.

The District Court denied Chavis leave to proceed IFP and ordered him to pay the $5 filing fee. See 28 U.S.C. § 1914(a). The Court also ordered Chavis to refile his petition pursuant to 28 U.S.C. § 2254, and supplied him with the official § 2254 form used in the Eastern District of Pennsylvania. See E.D. Pa. Local Rule 9.3.

Instead of complying with the Court's order, Chavis filed a motion in which he sought to disqualify the District Judge and reasserted his IFP request. In this motion, Chavis reiterated that he wished to proceed under § 2241. He also submitted a copy of his prison account statement.

The District Court then entered an order dismissing the action because Chavis had "failed to complete and file the required standard form to proceed in forma pauperis as required by the [Court's previous] Order." Chavis filed a timely appeal.

As an initial matter, we interpret the District Court's dismissal to be based primarily on Chavis's failure to use the official § 2254 form, not his failure to use an IFP

2

form.  In its first order, the District Court denied Chavis's request to proceed IFP and ordered him to pay a filing fee, thus giving little indication that it expected Chavis to refile his IFP request.  Meanwhile, the Court explicitly directed Chavis to utilize the § 2254 form.[1]

However, contrary to the conclusion on which the District Court's order was predicated, Chavis's filing was not necessarily a § 2254 petition in § 2241 clothing.  In certain cases, § 2241 is the appropriate vehicle through which to assert a speedy-trial claim.  See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489-90 (1973); see also Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (explaining that a pretrial petition asserting speedy-trial rights should be brought under § 2241, not § 2254).  Therefore, we conclude that the District Court erred in ordering Chavis to refile his petition under § 2254, and subsequently dismissing the petition when he insisted it was properly filed under § 2241.  While we conclude that Chavis should have been permitted to raise his claim in a § 2241 petition, we express no opinion as to whether he is entitled to relief.  See generally Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975).

Notwithstanding the above, the Eastern District of Pennsylvania's Local Rules provide that "[a]ll petitions for writs of habeas corpus . . . shall be filed on forms

---

[1]    Consistent with this interpretation, Rule 2 of the Rules Governing § 2254 Cases and E.D. Pa. Local Rule 9.3 require prisoners to use the forms prescribed for § 2254 petitions.  On the other hand, the relevant rules concerning IFP applications require prisoners to submit an affidavit and information about their prison accounts, but make no reference to a standard IFP form.  See 28 U.S.C. § 1915; Rule 3 of the Rules Governing Section 2254 Cases.

provided by the Court." Rule 9.3(a). Therefore, should Chavis wish to proceed under § 2241, he must use the official § 2241 form. The form contains an IFP application, which Chavis should also complete if he desires to proceed without prepaying the filing fee.

Finally, we acknowledge that Chavis has filed a stream of documents in this Court. To the extent that he requests relief beyond what is provided for in this opinion, we deny his requests. We note specifically that we will deny his motion to disqualify the District Judge. Chavis is not entitled to disqualification merely because he disagrees with the District Court's legal rulings. See, e.g., Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

We will thus summarily vacate the District Court's order dismissing the case and remand for further proceedings consistent with this opinion.