CLD-388                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

13-1279
_____

In re:  JAN MARASEK; JOAN BYRON-MARASEK,

                                                                          Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. Nos. 11-cv-03869, 11-cv-04396, 11-cv-04397, 11-cv-04398,
11-cv-04400, 11-cv-04738, 11-cv-05026, 11-cv-05027, 11-cv-05028,
11-cv-05029, 11-cv-05030, 11-cv-05569, 11-cv-05570, 11-cv-05571,
11-cv-05572, 11-cv-05573, 11-cv-05574, 11-cv-06489, 11-cv-07143, & 12-cv-00125)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 29, 2013)
_____

OPINION
_____

PER CURIAM

       In 2008, Jan Marasek and Joan Byron-Marasek, husband and wife, filed a

voluntary petition for bankruptcy under Chapter 13.  Initially, the Bankruptcy Court

confirmed a plan, which provided that the Maraseks would sell or refinance their 12-acre

property in Jackson, New Jersey, and use a portion of the proceeds to satisfy all allowed

claims. In 2009, a realtor valued the property, which is commercially zoned, at $3.4 million to $3.8 million. After the Maraseks did not sell or refinance the property pursuant to the terms of the plan, one of the creditors moved to convert the case to a Chapter 7 bankruptcy. The Bankruptcy Court granted the motion in July 2011. The Maraseks appealed that order to the District Court. Previously, the Maraseks had appealed an order denying a stay; these and various other appeals were consolidated in the District Court. The Maraseks separately appealed the District Court's decision on those matters. In part, we dismissed that appeal for lack of jurisdiction; we otherwise summarily affirmed the District Court's judgment. See In re Marasek, C.A. No. 12-1234 (order entered July 30, 2013).

The District Court also denied the Maraseks' applications to waive the filing fees for the appeals to the District Court, noting that they are owners of valuable property in New Jersey and not entitled to *in forma pauperis* ("ifp") status. The Maraseks filed a motion for reconsideration, which the District Court denied, rejecting their argument that they did not have a beneficial interest in the property because it was subject to an inter vivos trust created in 1982. The District Court agreed with the Bankruptcy Court that the trust was severable and the Maraseks could alienate the property if required and use the funds to pay the fees (and any other obligations). The Maraseks now appeal that decision.[1]

---

[1] They previously filed a motion to proceed ifp in this appeal, which we denied. See Order of June 11, 2013.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). We review the District Court's ruling for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

Regardless of the truth or merit in the Maraseks' arguments about the amount of their income (or the obligations on it) and about any expenses or liabilities to bankruptcy creditors, we agree with the District Court that their equity interest in a 12-acre property worth at least $3.4 million precluded a grant of ifp status or a waiver of the fees in the appeals to the District Court. Even assuming they hold the property "in trust" as they claim (and putting aside arguments, raised in the Bankruptcy Court, that they fraudulently conveyed the property to avoid creditors), the terms of the trust give them a way to fund the cost of their appeal. By the terms of the declaration of trust (which the Maraseks provided to us in C.A. No. 12-1234), they are free to mortgage the property or collect income from it. They also have the power and right to amend or revoke the trust; within this power is the power to sell or dispose of part or all of the property. For these reasons, we do not see an abuse of discretion in the District Court's requiring the Maraseks to pay the fees for their appeals. Because no substantial issue is presented on appeal, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.