**CLD-020**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1712
_____

RONALD G. DANDAR,
                                        Appellant

v.

THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00330)
District Judge:  Honorable J. Frederick Motz
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and Consideration
of Whether a Certificate of Appealability is Required
October 30, 2014

Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Filed: November 13, 2014)
_____

OPINION*
_____

PER CURIAM

_____

   * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ronald Dandar appeals pro se from the District Court's order denying his motion for leave to proceed in forma pauperis ("IFP"). We will affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

Dandar instituted this action by submitting a petition for a writ of habeas corpus to the District Court along with a motion for leave to proceed IFP. The filing fee for the habeas petition is $5.00. See 28 U.S.C. § 1914(a). A Magistrate Judge denied the IFP motion because Dandar's prison account statement showed that he had sufficient funds to pay the fee. Dandar filed a motion for reconsideration, captioned, "Motion as to Whether Denial of In Forma Pauperis was Constitutional." The District Court, apparently construing the motion as an appeal from the Magistrate Judge's order, denied Dandar's motion. Dandar timely appealed.

The denial of a motion for leave to proceed IFP is final and appealable, and we have jurisdiction under 28 U.S.C. § 1291. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003).[1] We review the denial of leave to proceed IFP for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). "In this circuit, leave to proceed [IFP] is based on a showing of indigence." Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).

The District Court did not abuse its discretion in requiring Dandar to pay the $5.00 filing fee. Dandar had a balance of over $1000 at the time he submitted his IFP

---

[1] We have not decided whether a certificate of appealability is necessary to appeal the District Court's denial of leave to proceed IFP in a habeas proceeding. See 28 U.S.C. § 2253(c)(1)(A). To the extent that a certificate of appealability might be required, we deny it for the reasons discussed herein.

application to the District Court. His account balance never fell below $100 in the six months prior to the filing. Thus, requiring Dandar to pay the $5.00 filing fee did not impermissibly "'force [him] to abandon what may be a meritorious claim in order to spare himself complete destitution.'" Jones, 752 F.2d at 79 (quoting Adkins v. Dupont Co., 335 U.S. 331, 340 (1948), and holding that District Court abused its discretion in requiring prisoner to pay $5.00 fee from an account balance of only $17.39).

Accordingly, we will affirm the District Court's judgment. Our ruling is without prejudice to Dandar's right to refile his habeas petition with the $5.00 filing fee or resubmit it with another motion for leave to proceed IFP, as his circumstances may warrant.[2]

---

[2] We granted Dandar leave to proceed IFP on appeal, but our action is not inconsistent with the denial of his IFP motion at the District Court level because the $505.00 fee for filing a notice of appeal is far higher than the $5.00 fee for filing a habeas petition.