**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1473, 24-1544, 24-2716 & 24-2812 (consolidated)
_____

ANDREW FULLMAN,
Appellant

v.

CITY OF PHILADELPHIA;
PHILADELPHIA PARKING AUTHORITY (PPA);
BUREAU OF ADMINISTRATIVE ADJUDICATION (BAA);
STEVEN C. BOC; JOHN DOE #1; P/O JOHN DOE #2;
JOSEPH MCCARTHY; P/O JOHN DOE #3;P/O JOHN DOE #4;
P/O JOHN DOE #5; P/O JOHN DOE #6
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00682)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 12, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Andrew Fullman sought to file a complaint in forma pauperis ("IFP") in the

District Court.[1]  The District Court denied his motion, concluding that he had "sufficient

ability to pay" the fees.  Fullman filed a motion for reconsideration and an amended IFP

motion, both of which the District Court denied.[2]  Fullman filed a notice of appeal, which

opened C.A. No. 24-1473.

Fullman also continued to press the District Court to grant him IFP status, filing

another IFP motion and a "miscellaneous motion" to request a payment plan to pay the

fees in installments given how little money he has at the end of each month.  The District

Court denied both motions.  Fullman filed another notice of appeal, which opened C.A.

No. 24-1544.

Fullman filed three additional IFP applications, and the District Court again denied

him IFP status.  The District Court also warned him that, if he did not remit the fees

within 10 days, his case was subject to dismissal for failure to prosecute.  Ten days later,

Fullman moved for reconsideration, explaining that his paying for food took his checking

account balance below the amount that would allow him to pay the fees.  He also stated

that he had to close a credit card account because of financial hardship, and explained

---

[1] He wishes to bring suit to vindicate alleged civil rights violations relating to the Philadelphia Parking Authority's issuance of parking tickets that were subsequently dismissed or voided and other mistreatment and discrimination that has interfered with his ability to park in reserved handicapped parking in the City of Philadelphia.
[2] The District Court also dismissed an additional IFP motion as moot.

2

that he had tens of thousands of dollars in credit card debt. The District Court denied the motion for reconsideration. Fullman filed a notice of appeal to challenge the additional denial of IFP status and the denial of reconsideration, which opened C.A. No. 24-2716.

The District Court dismissed Fullman's case for failure to prosecute. Fullman filed two timely motions for reconsideration, one again challenging earlier IFP denials and the reconsideration of those decisions and one seeking reconsideration of the order dismissing his case for failure to prosecute. The District Court denied the motions as moot (on the basis that jurisdiction had attached in this Court). Fullman filed a notice of appeal to challenge the dismissal for failure to prosecute and the denial of reconsideration, which opened C.A. No. 24-2812.[3]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's rulings largely for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985) ("Our standard of review is whether the district court was guilty of an abuse of discretion in requiring [Fullman] to pay . . . the filing fee as a prerequisite to being granted status in forma pauperis and, therefore, erred in dismissing his complaint because of his failure to do so.") (cleaned up) (citation omitted); Sinwell v. Shapp, 536 F.2d 15, 18 (3d Cir. 1976); Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) ("We review a denial of a motion for reconsideration for abuse of

---

[3] We have consolidated Fullman's four appeals, and we previously granted his requests to proceed IFP.

discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error.").

Upon review, we must conclude that the District Court abused its discretion in denying Fullman IFP status and otherwise disallowing him to proceed without prepayment of the fees, declining to grant reconsideration, and dismissing Fullman's case for failure to pay the fees. Under 28 U.S.C. § 1915, a court may allow a litigant, who attests to indigency, to commence a suit "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a). The purpose of the IFP statute "is to provide an entr[é], not a barrier, to the indigent seeking relief in the federal court." See Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975). As the District Court recognized, a person need not be "absolutely destitute" to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Fullman needed to show that he was "economically eligible" for IFP status, Sinwell, 536 F.2d at 19 (citation omitted), that is, that he was unable to pay the fees, see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

As a basis for denying Fullman IFP status, the District Court concluded that Fullman could pay the fees because he "earns substantially more than the poverty guidelines set forth by the Department of Health and Human Services for his size household." See, e.g., ECF No. 4 at 1 n.1; ECF No. 9 at 1 n.1. However, his regular expenses claim almost all his income, his assets are negligible, and his debt relatively significant. Fullman, whose checking account balance dropped below what would cover the fees, established that he was unable to prepay the fees. Under the circumstances, the

District Court abused its discretion in denying Fullman's applications (and requests for reconsideration) and dismissing his case.[4] See Adkins, 335 U.S. at 339 (rejecting an interpretation of that statute that would "say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get"); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307-08, 1308 n.5 (11th Cir. 2004) (per curiam) (concluding that a litigant's sworn statements that she was a pauper and unable to pay court costs were sufficient on their face to demonstrate that she was eligible for IFP status even though her income was above the federal poverty line); In re Smith, 600 F.2d 714, 716 (8th Cir. 1979) ("We cannot endorse [any] interpretation or application of § 1915 that so rigidly employs the filing fee as a talisman which demarcates paupers from those considered to have funds sufficient to be able to pay it."); cf. Jones, 752 F.2d at 79 (reaffirming that "prisoners are not required to surrender those small amenities of life which they are permitted to acquire in a prison in order to litigate in forma pauperis in the district court") (internal quotation marks and citation omitted).

For these reasons, we will vacate the District Court's orders denying IFP status[5] and reconsideration and dismissing this case for failure to pay the fees. We will remand this matter for further proceedings consistent with this opinion.[**] On remand, the District

---

[4] The District Court also made a legal error in denying "as moot" Fullman's last two timely motions for reconsideration. See Venen v. Sweet, 758 F.2d 117, 122 & n.6 (3d Cir. 1985).

[5] We include the order denying Fullman's "miscellaneous motion" within these orders.

[**] Judge Phipps dissents because in his view the District Court did not abuse its discretion in denying IFP status.

Court is directed to grant Fullman IFP status and proceed to screening Fullman's complaint under 28 U.S.C. 1915(e).