BLD-391                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4562

_____

NINA SHAHIN,
                                        Appellant

v.

SECRETARY OF STATE OF DELAWARE

_____

On Appeal from the United States District Court
for the  District of Delaware
(D.C. Civil No. 12-cv-01080)
District Judge:  Honorable Sue L. Robinson

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013
Before:  HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  September 4, 2013)

_____

OPINION

_____

PER CURIAM

Nina Shahin appeals from orders[1] of the United States District Court for the

District of Delaware, which denied her application to proceed in forma pauperis ("IFP"),

---

[1] Shahin mentions only the latter order in her notice of appeal, but we liberally construe her notice to include the earlier order.

and her motion for reargument.  Because we agree that no substantial question is raised by the appeal, we will grant the Appellee's motion for summary affirmance.

The sole issue in this appeal is whether the District Court abused its discretion in denying Shahin's application to proceed IFP.  See United States v. Holiday, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (granting of application to proceed IFP is committed to sound discretion of district court).  In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party.  A party need not be destitute to warrant such status, Adkins v. E.I. Dupont Nemours Co., 335 U.S. 331, 339 (1948), but the status is a privilege rather than a right, White v. Colo., 157 F.3d 1226, 1233 (10th Cir. 1998).  Shahin argues that the District Court abused its discretion by requiring her to disclose her spouse's assets (or otherwise considering what those assets might be), and by considering assets held in trust.  We disagree.

The Court required Shahin to fill out a form disclosing her income, expenses, and assets, as well as those of her spouse.  Shahin indicated that she has a monthly income of $95 from self-employment, and that her home and vehicle are held in a "grantor's trust and kids are the owners."  Shahin did not disclose any of her husband's income or assets, but included a notarized statement signed by her husband, indicating that he is unwilling to disclose his finances and that he does not support his wife's "personal lawsuits . . . in any way, shape or form."  The statement indicated, however, that he provides Shahin "with food, clothing, shelter, paying her medical and travel expenses and even her business losses."

Shahin has argued that the value of her car and the house in which she resides should not be considered because they are held in trust. However, she produced the trust agreement in the District Court, and it is a revocable trust. She and her husband are the grantors, and the trust agreement provides that "the trustees may pay income of the trust estate and such portion of the principal as the grantors from time [sic] may direct to the grantors, or otherwise as they direct during their lives." Although the couple's children are co-trustees and may have to agree to any such distribution, because the trust is revocable, it is not unreasonable to consider the trust property in determining whether Shahin is eligible to proceed IFP. Cf. Kelley v. Comm'r of Soc. Sec., 566 F.3d 347, 350 (3d Cir. 2009) (Social Security Act treats corpus of revocable trust as resource available to individual). Further, even without considering the trust property, Shahin indicates that she has a monthly income of $95 from self-employment. Because her husband provides her "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," requiring Shahin to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the "necessities of life." Adkins, 335 U.S. at 339.

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in denying Shahin the privilege of proceeding IFP; thus, we will affirm the decisions of the District Court.