**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2812
_____

MISAEL CORDERO,
                                        Appellant

v.

GREGORY KELLEY, sue in their individual and official capacities;
STEPHEN D'LLIO, sue in their individual and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01596)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2018
Before:  SHWARTZ, KRAUSE, and FISHER, Circuit Judges

(Opinion filed May 10, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Misael Cordero appeals from the order of the District Court denying his application for leave to proceed in forma pauperis ("IFP"). We will vacate and remand for further proceedings.

## I.

Cordero is a New Jersey state prisoner who is serving a life sentence. He filed an IFP application along with a proposed complaint alleging that prison officials confiscated his religious materials and obstructed the grievance process in violation of his First Amendment rights. Cordero sought leave to proceed IFP in order to avoid prepayment of the $400 filing and administrative fees. In support of his application, he submitted his prison account statement for the preceding six months. The statement showed that, although his balance had at times exceeded $700, he had only $5.86 at the time of filing.

The District Court denied Cordero's IFP application. The District Court reasoned that Cordero had an income of $1,917.50 during the preceding six months, consisting of $45 per month in prison wages as well as gifts from his family, for an average monthly income of just over $300. The District Court further reasoned that this income showed that Cordero could afford to prepay the fees or could have done so if he had saved his money. Thus, the District Court denied Cordero's application but gave him more time to pay the fees. Cordero filed a motion for reconsideration. The District Court denied that motion too but again gave Cordero more time to pay the fees. Cordero appeals.[1]

---

[1] The denial of an IFP application is a final order over which we have jurisdiction under 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc). We review the District Court's ruling for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). We granted Cordero leave to proceed IFP

II.

Although the District Court did not expressly state as much, its denial of Cordero's IFP application has both a backward-looking and a forward-looking component. The backward-looking component is the District Court's conclusion that Cordero could have prepaid the fees if he had saved his money instead of spending it on other things. The forward-looking component is the District Court's apparent conclusion that Cordero would continue to receive the same income and would be able to save and prepay the fees in the future if given more time. Cordero argues that the District Court abused its discretion for both reasons. Although we reject some of Cordero's specific arguments, we ultimately agree.

First, Cordero argues that courts can never consider assets that were previously available to a prisoner because the IFP statute speaks solely in terms of the prisoner's present ability to pay the fees. See 28 U.S.C. § 1915(a)(1).[2] We do not appear to have addressed that issue in a precedential opinion. Other Courts of Appeals, however, have held that courts may consider pre-filing expenditures so long as the courts inquire into the

---

on this appeal but, in doing so, we expressed no opinion on the District Court's assessment of the different record before it.

[2] Cordero relies for this proposition on a provision of the IFP statute stating that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). That provision applies only when a prisoner already has been granted IFP status and a partial initial fee is assessed pursuant to the Prison Litigation Reform Act ("PLRA"). Thus, it does not speak to whether a prisoner should be granted IFP status in the first place. The provision of the statute that does, however, also is phrased in terms of the prisoner's present ability to pay.

3

nature and timing of those expenditures and give the plaintiff an opportunity to show that they were not a "a deliberate attempt to avoid the filing fee." Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993) (collecting cases).[3] The District Court did not address that issue.

The District Court also failed to otherwise properly account for Cordero's expenses and for amounts that he should reasonably be able to spend in prison. The District Court did not acknowledge, for example, that one third of Cordero's wages and ten percent of his gifts are automatically deducted for payment toward fines and penalties. Nor did the District Court make any determination regarding the nature or amount of Cordero's discretionary spending. Instead, the District Court appears to have assumed that all of Cordero's discretionary spending should count against him for IFP purposes because his prison is required to supply him with the bare necessities of life.

That is not the law of this Circuit. We have repeatedly recognized that "prisoners are not required to surrender 'those small amenities of life which they are permitted to acquire in a prison' in order to litigate [IFP] in the district court." Jones, 752 F.2d at 79 (quoting Bullock v. Suomela, 710 F.3d 102, 103 (3d Cir. 1983)). In one case, for example, we explained that "[a]n account of $50.07"—roughly $230 in today's dollars— "would not purchase many such amenities" but that "[t]hese need not be surrendered in

---

[3] These cases addressed the pre-PLRA practice of assessing partial fees in order to deter frivolous prisoner litigation. Under the PLRA, that purpose now is served by requiring prisoners granted IFP status to pay the full fees in installments. See Abdul-Akbar, 239 F.3d at 312. Thus, the question now is whether a prisoner can avoid prepayment of the fees, not whether a prisoner can avoid payment altogether.

4

order for a prisoner . . . to litigate [IFP] in the district court." Souder v. McGuire, 516 F.2d 820, 824 (3d Cir. 1975). Thus, before denying IFP status on the basis of Cordero's prior earnings and expenditures, the District Court should have more thoroughly analyzed the nature and timing of those expenditures, whether they were designed to avoid prepayment of the fees, and whether and how they exceeded the amenities that Cordero should not be required to surrender.[4]

Second, Cordero argues that the District Court should not have considered the gifts from his family, which accounted for the vast majority of his income during the relevant period, because his family is poor and is able to send him money only periodically. We do not agree that the District Court was required to ignore the gifts already received for purposes of the backward-looking component of its analysis. For purposes of the forward-looking component, however, the District Court should at least have considered that issue. One court held in a pre-PLRA case that, in calculating a prisoner's income, courts should exclude "small gifts" altogether. In re Williamson, 786 F.2d 1336, 1340 (8th Cir. 1986). We have not gone that far. See Souder, 516 F.2d at 821 (relying on a regular recurring gift of $15 every two weeks). Nevertheless, before

---

[4] The District Court relied on Shahin v. Secretary of State, 532 F. App'x 123 (3d Cir. 2013) (per curiam), for the proposition that Cordero's discretionary spending counted against him because his prison provides him with the bare necessities. But Shahin, in addition to being non-precedential, is distinguishable. In that case, a Panel of this Court reasoned that the plaintiff's own income permitted her to save enough to pay the fees because she was married and her husband provided her "with food, clothing, shelter, paying her medical and travel expenses and even her business losses[.]" Id. at 124. The plaintiff in Shahin, however, was not a prisoner. Receiving a livelihood outside prison from a spouse is a far cry from receiving only those bare necessities that prisons are required to provide.

5

concluding that Cordero would be able to earn and save enough money to prepay the fees within a particular period of time, the District Court should at least have considered whether Cordero had a reasonable expectation of receiving sufficient gifts in the future. We note that the account statement that Cordero submitted to this Court showed only about half as much in gifts as the statement he submitted to the District Court, which covered the December holidays.

## III.

For these reasons, we will vacate the District Court's order denying Cordero's IFP application and will remand for further proceedings. We do not hold that the District Court is required to grant Cordero's application. Instead, we hold only that the District Court should address the issues discussed above before making its ruling.