130 F.3d 568
 75 Fair Empl.Prac.Cas. (BNA) 772,
72 Empl. Prac. Dec. P 45,090, 39 Fed.R.Serv.3d 378
 Davon WILLIAMS, Appellant,
v.
Marvin T. RUNYON, Postmaster General; United States Postal
Service, Agency, Harvey Bryant; Jane Doe,
Officer, John Doe; United States Of America
 No. 97-5035.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 4, 1997.
Decided Nov. 28, 1997.
 
 Karol C. Walker (argued), St. John & Wayne, L.L.C., Newark, NJ, for Appellant.
 Faith S. Hochberg, United States Attorney, Joseph Braunreuther, Chief, Civil Division, R. Andrew German, Managing Counsel, Legal Policy Section, Office of the United States Attorney, Newark, NJ, Lori J. Dym (argued), United States Postal Service, Washington, DC, for Appellee.
 Before: BECKER, ROTH and GARTH, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge:
 
 
 1
 This is an appeal from a post-trial order of the district court. The jury had returned a verdict for the plaintiff Williams in the sum of $44,000. The defendant Postmaster General Marvin T. Runyon's Rule 50(b) motion was then granted on the ground that the plaintiff Ms. Davon Williams had failed to exhaust her administrative remedies in a timely manner, thereby denying the plaintiff any recovery. We will reverse and remand.
 
 I.
 
 2
 Plaintiff Ms. Davon Williams, a former postal employee, filed a complaint under Title VII of the Civil Rights Act of 1991 in federal court on July 6, 1994 against Postmaster General Marvin T. Runyon ("the Postmaster").[1] Ms. Williams alleged in her complaint that when she was a postal worker, she was the victim of sexual discrimination, sexual harassment, a hostile work environment, constructive discharge, and retaliation in response to her complaints.
 
 
 3
 Before the district court, the Postmaster filed a motion to dismiss, or in the alternative, for summary judgment. The Postmaster argued that the complaint should be dismissed because Williams had not exhausted the administrative remedies required in Title VII actions in a timely manner. In particular, counsel for the Postmaster maintained that Williams did not satisfy 29 C.F.R. § 1614.105(d) because her administrative complaint was not filed until December 1, 1993, well beyond the 15 day window that complainants are allowed to file their complaints after being notified of their right to do so by an EEO Counselor.[2]
 
 
 4
 According to the Postmaster, Ms. Williams had been sent a written notice of a final interview and a notice of her right to file a complaint by certified mail on September 14, 1993. When the letter was returned unclaimed, EEO Counselor John Morrison sent a second letter on October 6, 1993. On October 21, 1993, Williams' newly hired counsel, William K. Fugee, Esq., informed Morrison that he was representing Williams and that all correspondence should be directed to Fugee. Morrison sent Fugee a third notice of a final interview and a notice of right to file an individual complaint, which he received on November 1, 1993. According to the Postmaster General's motion to dismiss, November 1, 1993 was the day that the 15 day filing period was triggered. Because Williams' complaint was not filed until December 1, 1993, a month later, the Postmaster argued that the complaint was not timely filed and that Williams' action in federal court had to be dismissed.[3]
 
 
 5
 In her brief in opposition, Williams maintained that she had not been notified of the filing requirements on November 1, 1993. Although it was uncontroverted that a letter from Morrison was received by Fugee on that day, Williams argued that there was no evidence that the letter included a notice of right to file. In addition, Williams claimed that even if a notice was sent, the mailings had been insufficient to make Fugee aware that the 15 day filing period had been triggered. Williams maintained that the 15 day filing period had not begun until November 22, 1993, when Fugee received a letter in response to his inquiries informing him in specific language that the 15 dayfiling period had begun. At the very least, Williams maintained, there was a genuine issue of material fact as to whether she had exhausted her remedies. Mr. Fugee had since died, and important facts relating to whether and when he was put on notice were not known.
 
 
 6
 On April 24, 1996, some four months before trial, the district court denied the Postmaster's motion for dismissal for failure to exhaust. As the court explained:
 
 
 7
 It's like scrambled eggs to know who did what when, and whether it was done properly.... [T]his case is not going to be decided on exhaustion of administrative remedy, and, who got the mail on a given date; what letter was enclosed, wasn't it enclosed. [We have] a lawyer who is now no longer available, he's deceased; did a letter to him clarify what his obligation was for his client? It's really no way to fairly decide this case[.] So I'm going to deny your application on administrative grounds and exhaustion grounds. It's really not a complex case once we can get it under way.
 
 
 8
 Subsequently, a jury was impaneled, and the case went to trial. Williams put on her case, but did not offer evidence concerning the issue of administrative exhaustion. At the end of the plaintiff's case, the Postmaster moved for a directed verdict pursuant to Fed.R.Civ.P. 50(a). The Postmaster did not specifically address Williams' failure to offer evidence relating to exhaustion: instead, counsel made the broad statement that "there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on any of the issues that counsel have set forth in this case."[4] The district court denied the Postmaster's motion for a judgment as a matter of law pursuant to Rule 50(a). The Postmaster then put on the defense's case. Like Williams, the Postmaster did not offer any evidence concerning whether Williams had exhausted her administrative remedies.
 
 
 9
 On August 28, 1996, the jury returned a verdict in favor of Williams on the one count of sexual harassment, and against Williams on the remaining counts. The Jury awarded Williams $44,0000 in compensatory damages and back pay for a four month period. The district court also ordered that Williams be reinstated. Following the jury verdict, counsel for the Postmaster filed a motion for a partial new trial, or in the alternative, for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). On page 38 of its 39-page motion, counsel for the Postmaster renewed the exhaustion argument, writing that "[a]lthough the Court has previously rejected this argument, defendant respectfully reasserts his argument and relies on his Motion for Summary Judgment and Trial Brief as if they were fully incorporated herein."
 
 
 10
 Williams responded to the motion for a judgment notwithstanding the verdict by addressing the merits of the exhaustion claim. At that time, however, she did not oppose the motion on the ground that the exhaustion issue had not been specifically raised in the Postmaster's Rule 50(a) motion for a directed verdict.
 
 
 11
 On December 24, 1996, the district court granted the Postmaster's motion for judgment as a matter of law. Revisiting the issue of whether Williams had exhausted her administrative remedies, the court announced that it now appeared "unquestionably clear" that the 15 day period had begun on November 1, 1993, and that Williams had thus failed to exhaust her administrative remedies in a timely manner. Although the district court had before it the same record that it had evaluated earlier, the district court concluded that any statement that Williams had exhausted her administrative remedies would be "untenable as a matter of law." Consequently, the district court entered judgment as a matter of law in favor of the Postmaster.
 
 
 12
 Williams timely appealed.
 
 II.
 
 13
 The first issue we address on appeal is whether the Postmaster had waived his right to a renewed judgment as a matter of law on exhaustion grounds by not specifically raising that issue in the original motion for a judgment as a matter of law. Fed R. Civ. P. 50(a)(2) requires that a motion for a judgment as a matter of law "shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment." According to Williams, the Postmaster failed to reserve the right to renew the motion for judgment as a matter of law on exhaustion grounds because counsel for the Postmaster failed to identify exhaustion as a basis for the motion for a judgment as a matter of law. Insofar as this issue raises a legal question, our scope of review is plenary. See Lester H. v. Gilhool, 916 F.2d 865, 869 (3d Cir.1990).
 
 
 14
 Under normal circumstances, a defendant's failure to raise an issue in a Rule 50(a)(2) motion with sufficient specificity to put the plaintiffs on notice waives the defendant's right to raise the issue in their Rule 50(b) motion. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2533 (1995) (citing cases);Orlando v. Billcon Int'l Inc., 822 F.2d 1294, 1297-98 (3d Cir.1987); Perdoni Bros., Inc. v. Concrete Sys., Inc., 35 F.3d 1, 3 (1st Cir.1994) ("The law is crystal clear that a party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict.") (internal quotations omitted). It is clear that the Postmaster did not raise the exhaustion issue in his motion for a directed verdict: his blanket statement that "there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff or any of the issues that counsel have set forth in this case" is obviously insufficient. Thus, under normal circumstances, the Postmaster would not be entitled to relief on exhaustion grounds in his Rule 50(b) motion for judgment as a matter of law.
 
 
 15
 However, this issue did not arise under normal circumstances in that Williams did not raise her waiver objection to the defendants' Rule 50(b) motion before the district court. Instead, Williams attacked the Postmaster's renewed exhaustion argument on the merits. Six of our sister circuits have held that where a party did not object to a movant's Rule 50(b) motion specifically on the grounds that the issue was waived by an inadequate Rule 50(a) motion, the party's right to object on that basis is itself waived. See Thompson and Wallace of Memphis, Inc. v. Falconwood Corp., 100 F.3d 429, 435 (5th Cir.1997); Whelan v. Abell, 48 F.3d 1247, 1251-53 (D.C.Cir.1995); Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994); Collins v. Illinois, 830 F.2d 692, 698 (7th Cir.1987); Beauford v. Sisters of Mercy-Province of Detroit, Inc., 816 F.2d 1104, 1108 n. 3 (6th Cir.1987); Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 293-95 (8th Cir.1982). We find this position persuasive. The need to preserve the issue through a proper objection in the context of Rule 50 is to ensure that both parties are aware of and can raise dispositive issues earlier in the proceeding rather than later, so that the district court can resolve the issues correctly and without delay. This is just as true when a plaintiff opposes a Rule 50(b) motion as when a defendant moves for a directed verdict under Rule 50(a).
 
 
 16
 Because Williams failed to oppose the Postmaster's Rule 50(b) motion on the basis that he did not specifically preserve the issue under Rule 50(a)(2), Williams waived her right to contest the Rule 50(b) motion on that basis.
 
 III.
 
 17
 Having decided that the Postmaster was not barred from raising exhaustion in the Rule 50(b) motion on the basis of the inadequacy of his Rule 50(a) motion, we proceed to consider whether the district court was foreclosed from reconsidering its pre-trial ruling which had denied the Postmaster's "exhaustion" motion for judgment as a matter of law.
 
 
 18
 Our analysis commences with our construction of the district court's April 24, 1996 pre-trial ruling. Williams argues that the April 24, 1996 ruling, which denied the Postmaster's motion to dismiss her complaint because she had not exhausted her administrative remedies, was a judgment as a matter of law, which resolved once and for all that her case was not barred by failure to exhaust. Accordingly, Williams argues, the district court's reconsideration was barred by the law of the case doctrine.
 
 
 19
 The Postmaster asserts that the district court's pre-trial ruling established only that there were genuine issues of material fact left to be decided by the jury. The Postmaster further argues that Williams' failure to offer evidence to the jury on exhaustion justifies the district court's ruling that no reasonable juror could have found that Williams had exhausted her administrative remedies.
 
 
 20
 Reviewing the text of the district court's April 24, 1996 pre-trial ruling, we can see a basis for either construction of the district court's order. However, because the outcome would be the same under either construction, we need not determine whether the district court's ruling was a judgment as a matter of law or simply a decision that material facts were still in dispute. In either case, we hold that the district court erred in entering a judgment n.o.v. for the Postmaster.A.
 
 
 21
 If we construe the April 24, 1996 pre-trial ruling as a judgment as a matter of law in favor of the plaintiff, then the district court's post-trial reconsideration of that decision is barred by the law of the case doctrine. As Justice Holmes has stated, the law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). Although it is often said that the law of the case doctrine does not limit the power of trial judges to reconsider their prior decisions, this court has identified two prudential considerations that limit a court's authority to do so. First, the court must explain on the record the reasoning behind its decision to reconsider the prior ruling. Second, the court must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling. See Swietlowich v. County of Bucks, 610 F.2d 1157, 1164 (3d Cir.1979).
 
 
 22
 Although the district court satisfied the first element of this test, we hold that the court did not satisfy the second element. Williams was clearly prejudiced by her reliance on the prior ruling: she put on her case at trial, and was awarded a favorable verdict, without presenting any evidence that she had in fact exhausted her administrative remedies. Had the court expressed its second thoughts about its earlier ruling prior to the end of Williams' case, Williams would have had the opportunity to present appropriate evidence to the jury. By revisiting the issue after trial on the same record that was before it earlier, however, the court denied Williams this opportunity. Because the district court, by its earlier ruling and expression, did not alert Williams to its concern about exhaustion, Williams was undeniably prejudiced. Recognizing the district court's earlier ruling and its reasoning in reaching the conclusion that it would forego reliance on exhaustion and reach the merits of Williams' claims, it was error to have reconsidered the issue after the jury verdict was returned. See United States v. Mendel, 746 F.2d 155, 161 (2d Cir.1984) (holding that prejudice would result if counsel were not given the opportunity to offer new evidence at trial following a reconsideration by the court of an earlier ruling).
 
 B.
 
 23
 The same result is reached if we construe the April 24, 1996 pre-trial ruling as a determination that summary judgment was inappropriate because material facts were still in dispute. Under that construction, the district court's judgment must be reversed because the Postmaster's failure to offer any evidence at trial concerning Williams' failure to exhaust constituted a waiver of that defense in post-trial proceedings. Our review is plenary. See Lester H. v. Gilhool, 916 F.2d 865, 869 (3d Cir.1990).
 
 
 24
 In Title VII actions, failure to exhaust administrative remedies is an affirmative defense in the nature of statute of limitations. See Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir.1997); Hornsby v. United States Postal Service, 787 F.2d 87, 89 (3d Cir.1986). Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies. Bowden v. United States, 106 F.3d 433, 437 (D.C.Cir.1997); See also Donnelly v. Yellow Freight Sys., Inc., 874 F.2d 402, 411 (7th Cir.1989) (defendant has burden of proof regarding its affirmative defenses in Title VII actions). Accordingly, the burden of pleading and proving that Williams has not exhausted her administrative remedies in a timely way rested on the Postmaster.
 
 
 25
 We are satisfied that a balance of the equities in this case supports the conclusion that the Postmaster's failure to offer any evidence at trial concerning Williams' failure to exhaust, combined with the Postmaster's failure to raise the exhaustion issue in the motion for a directed verdict, waived the Postmaster's right to renew the exhaustion argument in a subsequent motion for a judgment n.o.v. See Bowden, 106 F.3d at 438-39. By failing to offer any evidence to the jury on an issue upon which he carried the burden of proof, the Postmaster effectively waived his affirmative defense. It would be gross unfairness for the Postmaster to be allowed to sit on the issue throughout a jury trial, only to revisit the issue in a post-trial motion for a judgment as a matter of law. See Brown v. Marsh, 777 F.2d 8, 14 (D.C.Cir.1985) (waiving exhaustion of administrative remedies defense that was not raised initially by government defending Title VII action because the plaintiff "would be substantially and unfairly prejudiced if dismissal on exhaustion grounds were permitted at this excessively late date").
 
 
 26
 This case is analogous to Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153 (3d Cir.1989). Following a jury verdict for the plaintiff, the district court in Bradford-White Corp. entered a judgment notwithstanding the verdict in favor of the defendant on the ground that the plaintiff had filed suit beyond the applicable statute of limitations. Although the defendant had raised the statute of limitations as an affirmative defense in the initial pleadings, neither party had at any point offered any evidence to the jury concerning whether the plaintiff's action was timely. On appeal, we reversed, holding that the defendant had waived its statute of limitations defense by failing to attempt to establish the defense before its post-trial motion. We noted that "it would be grossly unfair to allow a plaintiff to go to the expense of trying a case only to be met by a new defense after trial." Id. at 1161.
 
 
 27
 The reasoning of Bradford-White Corp. is applicable here. If, as counsel for the Postmaster insists, the legal effect of the district court's pre-trial ruling was to recognize that there were material facts that needed to be addressed at trial, then the Postmaster failed to meet its burden of proof concerning those facts. By the time of the jury verdict, the Postmaster had waived the right to renew the argument that Williams had failed to exhaust her administrative remedies in a timely manner. Accordingly, the district court erred by granting a judgment notwithstanding the verdict to the Postmaster on that basis.
 
 IV.
 
 28
 Because the district court's action granting the Postmaster's renewed judgment as a matter of law was improper, we will reverse the judgment of the district court and remand. As counsel for Williams informed the court that Williams was no longer seeking either back pay or reinstatement of her position with the Postal Service, we will remand to the district court with instructions to reinstate Williams' jury award of $44,000 in damages.
 
 
 
 [1]
 The complaint was originally filed against Postmaster General Runyon, Williams' former boss Harvey Bryant, and several others. By the time of the proceedings that concern us here, however, Postmaster General Runyon was the only remaining defendant
 
 
 [2]
 29 C.F.R. § 1614.105(d) states that
 [T]he Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person brought the matter to the Counselor's attention. If the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint. The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint and of the complainant's duty to assure that the agency is informed immediately if the complainant retains counsel or a representative.
 
 
 [3]
 The Postmaster General's argument that Williams' complaint was not timely filed was successful at the administrative agency level. Both the Postal Service and the Equal Employment Opportunity Commission dismissed Williams' administrative complaint for failure to exhaust remedies in a timely manner
 
 
 [4]
 On April 18, 1996, six days before the district court's pre-trial ruling denying the Postmaster's motion for dismissal, a "Final Pretrial Stipulation and Order" was filed in the district court. Among the legal issues set to be decided at trial, designated in the order as Plaintiff's Legal Issues, was "[w]hether Plaintiff exhausted her administrative remedies before filing her complaint in Federal Court."