**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3409
_____

EDWARD J. FERNANDEZ,
                                                    Appellant

v.

ROSE TRUCKING and WHITE ROSE FOODS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-04915)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2011
Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: May 26, 2011)

_____

OPINION
_____

PER CURIAM

       In September 2009, Edward J. Fernandez filed a Title VII employment

discrimination complaint, which he later amended, in the United States District Court for

the District of New Jersey.  He alleged that the defendants, Rose Trucking and White

Rose Foods, "fire[d] [him] because of injuries . . . sustained while under [their]

employment." The District Court <u>sua</u> <u>sponte</u> dismissed the complaint, based on Fernandez's concession that he had not filed a charge with the Equal Employment Opportunity Commission ("EEOC"). <u>See</u> <u>Webb v. City of Phila.</u>, 562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."). Fernandez appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order is plenary. <u>See</u> <u>Anjelino v. N.Y. Times Co.</u>, 200 F.3d 73, 87 (3d Cir. 2000).

A plaintiff bringing an employment discrimination claim under Title VII must exhaust his administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Those requirements include filing a complaint with the EEOC or its state equivalent within 300 days of the alleged violation. <u>See</u> 42 U.S.C. § 2000e-5(e)(1). Failure to exhaust administrative remedies does not affect the District Court's subject matter jurisdiction, however. <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing <u>Hornsby v. U.S. Postal Serv.</u>, 787 F.2d 87, 89 (3d Cir. 1986)). Rather, failure to exhaust in Title VII cases, which is akin to failing to comply with a statute of limitations, is an affirmative defense which must be pleaded by the defendant. <u>Williams v. Runyon</u>, 130 F.3d 568, 573 (3d Cir. 1997). Nevertheless, we have recognized that <u>sua</u> <u>sponte</u> dismissal may be appropriate where the plaintiff concedes that he failed to exhaust. <u>Ray v. Kertes</u>, 285 F.3d 287, 293 n.5 (3d Cir. 2002).

Fernandez made such a concession here. In his amended complaint, Fernandez clearly indicated that he did not file an administrative charge prior to bringing suit in

2

federal court. Specifically, Fernandez stated that "when I became aware that I could proce[e]d with the EEOC, I was told by that office that the time limit . . . had expire[d]. The lack of knowledge in the detailed steps made me ignorant to the fact that I could obtain a right to sue letter." He also admitted, "I was not aware that I could contact the N.J. Division on Civil Rights in this matter." Nowhere has Fernandez claimed that he pursued his administrative remedies with the EEOC or that he is entitled to equitable tolling. See Robinson, 107 F.3d at 1021 (stating that "in Title VII cases courts are permitted in certain limited circumstances to equitably toll filing requirements, even if there has been a complete failure to file . . . ."). Therefore, under these limited circumstances, we conclude that the District Court's sua sponte dismissal of Fernandez's complaint for failure to exhaust was proper.

For the reasons given, we will affirm the judgment of the District Court.