NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3610
_____

CYNTHIA R. WINDER,
                                        Appellant
v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 11-cv-00878)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2013

Before:  SCIRICA, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed:  June 14, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

        Cynthia Winder appeals the District Court's summary judgment dismissing her

employment discrimination claim as time-barred.  We will affirm.

I

In November 2007, the United States Postal Service's Philadelphia District Office issued both internal and external vacancy announcements for the position of Employee Assistance Program (EAP) Clinical Supervisor. Winder, an African-American female and one of the EAP Assistant Counselors, applied for the position. In February 2008, Lisa Jordan, an African-American female and Manager of Human Resources for the Philadelphia District Office, interviewed Winder.

On April 1, 2008, Jordan met with Winder to tell her that she was not selecting Winder for the position. Jordan's and Winder's version of the events of the meeting differ slightly. According to Jordan, she did not select Winder because she believed that Winder needed to develop her "supervisory and leadership skills." App. 145. Winder, by contrast, maintains that Jordan told her that she did not have enough "supervisory experience." App. 44–45. After consideration of the external applications, Jordan hired Ronald Erenhouse, a white male, as the EAP Clinical Supervisor on October 25, 2008.

On November 5, 2008, Winder contacted an EEO counselor to complain about alleged discrimination. A formal complaint was filed on December 12, 2008. Winder alleged that Jordan wanted to select a white male over a black female for the EAP supervisor position, despite the qualifications of the candidates. The Postal Service dismissed the EEO complaint in January 2009 as untimely. However, the Equal Employment Opportunity Commission reversed the dismissal in May 2009, finding that Winder did not have reasonable suspicion that she had been discriminated against until

2

Erenhouse was hired in October 2008.

On February 4, 2011, Winder filed a civil complaint in the United States District Court for the Eastern District of Pennsylvania alleging discrimination on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] On April 30, 2012, the Postal Service filed a motion for summary judgment, arguing: (1) Winder's claim was untimely; (2) Winder could not make out a prima facie case of discrimination; and (3) Winder could not establish that the Postal Service's justification for not selecting her for the supervisor position was pretext for discrimination. Winder filed a response to the summary judgment motion and the District Court heard oral argument. On August 17, 2012, the District Court granted the motion, concluding that Winder had not timely contacted an EEO counselor about her discrimination claim. The Court did not address any of the Postal Service's other arguments. This appeal followed.

## II[2]

Winder makes two arguments on appeal. First, she argues that the District Court erred in determining that her claim accrued on April 1, 2008, instead of on October 25, 2008. Second, she claims that even if April 1, 2008, is the operative date, the time

---

[1] Winder also filed a discrimination claim under 42 U.S.C. § 1981, but the parties stipulated to its dismissal on May 9, 2011.

[2] The District Court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

limitation should be equitably tolled. We exercise plenary review over a district court's summary judgment, applying the same standard as the district court. *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007); *see also* Fed. R. Civ. P. 56(a). Our review of a district court's choice and interpretation of applicable tolling principles is plenary as well. *Ruehl*, 500 F.3d at 380 n.6.

### A

Before bringing a Title VII suit in federal court, a federal employee must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). This 45-day time limit operates akin to a statute of limitations: a claim brought more than 45 days after the date it accrued will be barred. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

Here, the 45-day limitations period began to run on April 1, 2008, the date Winder discovered that Jordan was not going to promote her to the EAP Clinical Supervisor position. On that date, Winder knew she had been injured (by her non-selection) and that her injury had been caused by the conduct of another party (the Postal Service). *See Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) (limitations period begins to run when "the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct" (citing *Bohus v. Beloff*,

4

950 F.2d 919, 925 (3d Cir. 1991)).

Although Winder argues that her injury was not complete until October 25, 2008, the date Erenhouse was hired, it is well-settled that "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." *Id.* (citation omitted); *see also id.* at 1385, 1391 (holding that the statute of limitations began to run on the date of the plaintiff's termination, not on the date she discovered that a male was hired in her place); *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 287 (3d Cir. 2003) (holding that plaintiff's injury was complete and discovered when he was terminated, not when he learned that he was replaced by a younger worker). Furthermore, Winder's belief that the position could have been re-posted—thereby giving her an opportunity to reapply—does not change the fact that the actual injury occurred on April 1, 2008, when Winder was informed that she would not be selected.

Winder contacted an EEO counselor on November 5, 2008, long after the 45-day limitations period beginning April 1, 2008, had run. Accordingly, Winder's claim is time-barred unless the limitations period may be equitably tolled.

B

Although the doctrine of equitable tolling allows a court to stop the limitations period from running after a claim has accrued, both the Supreme Court and our Court have recognized that the doctrine should be applied "only sparingly." *Irwin v. Dep't of*

*Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). One situation in which equitable tolling may be appropriate is "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision." *Podobnik*, 409 F.3d at 591. A plaintiff seeking to invoke this basis for equitable tolling must show that "he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *Ruehl*, 500 F.3d at 384 (quoting *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004)). Winder has the burden of establishing that the equitable tolling doctrine applies. *Podobnik*, 409 F.3d at 591 (citing *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)).

Winder argues that the limitations period should be equitably tolled because Jordan actively misled her by "provid[ing] her with a false and misleading reason for her non-hire"—that she lacked "supervisory experience." Appellant's Br. 16, 18. She claims that she had no way of knowing that Jordan had discriminated against her until she spoke with Erenhouse in October 2008 and discovered that Jordan had hired "an external candidate who had *no* prior EAP supervisory experience." *Id.* at 19.

Winder's claims are belied by the record. Winder testified in her deposition in this case that she began to suspect that Jordan was discriminating against her as early as 2005, when she was not chosen to be Acting EAP Clinical Supervisor after the previous

6

supervisor's resignation. Furthermore, Winder admitted that by April 2008, it became apparent that she was discriminated against on the basis of her race and sex even though she "didn't want to see it." She also acknowledged that in April 2008, she complained to a friend that she had been discriminated against when she was not selected for the supervisor position. Finally, Winder was aware in April 2008 that Jordan was reviewing external applications, and in August 2008 she was aware that Erenhouse was being interviewed. Given her beliefs that she had been discriminated against, she did not act like a "person with a reasonably prudent regard for his or her rights." *Oshiver*, 38 F.3d at 1389. Winder made no effort to inquire into the hiring process or ask Jordan for a fuller explanation of her decision. *See Ruehl*, 500 F.3d at 384–85; *Podobnik*, 409 F.3d at 591–92; *Hart v. J.T. Baker Chem. Co.*, 598 F.2d 829, 834 (3d Cir. 1979). Accordingly, Winder cannot show that, by acting with reasonable diligence, she could not have discovered essential information bearing on her claim. Equitable tolling is thus inappropriate in this case.

## III

For the foregoing reasons, we hold that Winder's claim is time-barred and that she is not entitled to equitable tolling. We will therefore affirm.

7