**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1705
_____

MING WEI,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; PENNSYLVANIA
DEPARTMENT OF HEALTH (PADOH); PENNSYLVANIA
STATE CIVIL SERVICE COMMISSION (SCSC); VERONICA
URDANETA IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
STEPHEN OSTROFF IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; TIFFANY BURNHAUSER IN HER INDIVIDUAL
AND OFFICIAL CAPACITY; GODWIN OBIRI IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; ROBERT GIALLO IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; KIM STRIZZI IN HER INDIVIDUAL
AND OFFICIAL CAPACITY; JOHN DOES 1-5 IN THEIR
INDIVIDUAL CAPACITIES IN THEIR INDIVIDUAL CAPACITIES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-00688)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2020
Before:  KRAUSE, MATEY, and COWEN, Circuit Judges

(Opinion filed:  January 7, 2020)

_____

OPINION<sup>*</sup>

_____

PER CURIAM

Ming Wei appeals the District Court's orders granting Appellees' motions for summary judgment and denying his motions for sanctions. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Wei's claims are well known to the parties and need not be discussed at length. Briefly, in 2007, Wei was terminated from his job by the Pennsylvania Department of Health ("the Department"). He challenged his removal before the State Civil Service Commission ("the Commission"). In 2008, the Commission decided that the Department had just cause for the firing because Wei had failed to complete an assignment. Wei appealed the decision to the Commonwealth Court of Pennsylvania which affirmed the Commission's decision. Wei v. State Civil Serv. Comm'n, 961 A.2d 254 (Pa. Commw. Ct. 2008).

In 2011, Wei filed a civil rights complaint, which he subsequently amended, in the District Court for the Middle District of Pennsylvania alleging, inter alia, that he was discriminated against by the Appellees based on his national origin, race, and disability. The Appellees moved to dismiss the Fourth Amended Complaint. The District Court adopted a Magistrate Judge's Report and Recommendation and granted the motion in part

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

but allowed some claims to go forward. The Appellees then filed an answer and moved for summary judgment.

Adopting the Magistrate Judge's Report and Recommendation, the District Court granted summary judgment as to several claims but denied summary judgment with respect to some claims. The District Court noted that because of the number of claims and lack of clarity of Wei's pleadings, Appellees had overlooked some of his claims. It permitted Appellees to file a second motion for summary judgment. Appellees did so, and a Magistrate Judge recommended that summary judgment be granted except for four claims. The District Court adopted the Report and Recommendation and granted summary judgment as to all claims except four.

As the parties were preparing for trial, the District Court reconsidered its decision to adopt the Magistrate Judge's Report and Recommendation. It invited the parties to resubmit their objections to the portion of the Report and Recommendation that recommended denying Appellees' motion for summary judgment and directed Appellees to address specific issues. The parties did so, and the District Court granted summary judgment on all of Wei's remaining claims. Wei filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Issue preclusion

Wei first argues that the District Court erred in giving preclusive effect to the Commission's decision that there was just cause for his removal. Seeking to relitigate this issue, Wei devotes several pages of his brief and reply brief to describing the structure of his office, how it handled its workload, and the work he was assigned. However, for the reasons discussed below, we agree with the District Court that the Commission's decision and findings were entitled to preclusive effect.

We exercise de novo review over the District Court's grant of summary judgment on the basis of issue preclusion. Dici v. Pennsylvania, 91 F.3d 542, 547 (3d Cir. 1996). A federal court must give preclusive effect to a state court judgment just as another court of that state would. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85–87 (1984) (claim preclusion); Allen v. McCurry, 449 U.S. 90, 95–105 (1980) (issue preclusion). If a decision by a state administrative agency has been reviewed by a state court, that decision is given preclusive effect in federal court. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). The criteria for issue preclusion are: (1) the issue is identical; (2) the judgment was final and on the merits; and (3) there was a full and fair opportunity to litigate. See Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1073 (3d Cir. 1990).

The Commission noted that the issues before it were whether there was just cause for Wei's removal and whether the Department removed him for discriminatory reasons. The Commission found that the Department established that Wei exhibited unsatisfactory work performance and insubordination which provided just cause for his removal. The

4

Commission concluded that Wei had not made a prima facie case of discrimination based on national origin, retaliation, or a serious health condition.

In affirming the Commission's decision, the Commonwealth Court held that: (1) Wei was not entitled to an interpreter; (2) the Commission did not err in limiting the testimony regarding how data had previously been processed; and (3) the Commission properly found that the Department had just cause for Wei's removal from his job due to his insubordination and unsatisfactory work performance. Wei, 961 A.2d at 258. The Commonwealth Court affirmed the Commission's conclusion that Wei was not fired based on his national origin, as retaliation, or for his health condition. With respect to Wei's claims regarding under the Family Medical Leave Act ("FMLA"), it determined that he had not shown that he had requested and was denied leave under the FMLA but rather that he had requested annual leave. The Commonwealth Court rejected Wei's claims that the Department's witnesses had provided false testimony. Id. at 260-61.

Wei argues in his brief that the issue of whether he converted the "HARS data" was not the same issue in the Commission's adjudication and the District Court erred in using it to preclude many of his claims. He appears to claim that the Commission's finding of just cause for his removal was based on the assignment of converting the HARS data but that he was never assigned to convert HARS data. Thus, he contends, the issues are not identical. However, the preclusive issue that the Commission decided and Commonwealth Court affirmed was that there was just cause for Wei's removal from his job due to his insubordination and unsatisfactory work performance.

Wei also asserts that he was not provided a full and fair opportunity to litigate his issues in the state proceedings. While he claims that the Department rejected his request for evidence, he does not describe any specific evidence that he needed for the hearing before the Commission. He argues that he was denied an interpreter during the hearing, but he does not suggest how he was prejudiced by not having one. He does not claim that there were any specific portions of the hearing which he was not able to understand. He also contends that he was not given a second opportunity to correct the hearing record but he does not explain how the minor typographical error he describes caused him any prejudice.

Wei also argues that an exception to preclusion applies: that there have been changes in the controlling facts which render issue preclusion inapplicable. However, he simply repeats his previous argument that he was not assigned to convert the HARS data.[1] The District Court did not err in giving preclusive effect to the Commission's decision.

---

[1] Wei claims that Appellees admit that he was never assigned to convert the HARS data. However, he takes the statement out of context. In response to an interrogatory from Wei that asked for the details of "converting HARS HIV/AIDS data files into PA NEDSS," Appellees responded "[The Department] never asked Ming Wei to convert HARS data into PA NEDSS. . . . Wei failed to complete the assignment given to him of unifying into a single format file the backlog of HIV laboratory data so that it could be evaluated, cleaned, and uploaded into PA NEDSS with the rest of the HARS data." App. at 221.

<u>Summary Judgment</u>

Wei argues that the District Court erred in failing to construe the evidence in the light most favorable to him as the nonmoving party. However, in support of this contention, he points only to one instance in his deposition transcript where the Appellees purportedly submitted a transcript without Wei's changes incorporated into it. Wei does not explain how this impacted the summary judgment analysis.

Wei contends that the District Court failed to provide the reason why it vacated its decision that four claims could proceed to trial. A District Court may reconsider a prior decision if it gives its reasoning for reconsidering the decision and ensures that the parties are not prejudiced by relying on the prior decision. <u>Williams v. Runyon</u>, 130 F.3d 568, 573 (3d Cir. 1997). Here, the District Court noted that, in preparing for trial, it had reviewed the matter, and some arguments had given it pause. It decided to reconsider the remaining claims before "conducting a potentially unnecessary trial." Order, Doc. 397 at 3. The District Court gave the parties an opportunity to submit revised pleadings on the four remaining issues. And when it granted summary judgment for Appellees on those claims, it gave its reasoning. Wei does not argue that he relied on the prior ruling or was prejudiced. He simply states that because the District Court did not give a reason for reconsideration, he does not know how to appeal that decision.

Wei argues that the District Court "cited Defendants' false statements as the reason to rescind the claim against Urdaneta." He appears to challenge the District Court's conclusion that an April 4, 2007 reprimand he received for failing to attend a mandatory meeting was not retaliatory. He asserts that he was never told to attend the

7

meeting while Veronica Urdaneta, his supervisor, stated that she had instructed him to attend the meeting. He also challenges the District Court's statement that a July 2, 2007 reprimand was the result of an inappropriate email Wei sent to his supervisor. The District Court, however, did not rely on any factual statements by Urdaneta in resolving these claims. Rather, it concluded that the reprimands were not an adverse action because they did not result in any change to Wei's duties, assignments, compensation or other terms of his employment.[2] It further determined that the reprimands were not materially adverse because they would not have deterred a reasonable worker from making a charge of discrimination. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). We agree. The reprimands simply gave Wei the feedback that he needed to improve his behavior.

FMLA leave

Wei also appears to challenge the District Court's conclusion that Appellees' denial of Wei's request to use paid annual leave in lieu of unpaid FMLA leave was not discriminatory or retaliatory. The District Court noted that Urdaneta denied Wei's request to use paid annual leave because he was not completing his work duties. In response, Wei argues only that the work he was assigned was not part of his job description.

---

[2] Wei argues that shortly after the April 4, 2007 reprimand, his assignment was changed. He claimed that on April 9, 2007, Urdaneta ordered him to complete processing 600,000 records. However, in her email, Urdaneta did not give Wei a new assignment. Rather, she simply directed Wei to complete the assignment he had already been given.

8

The District Court also concluded that there was no evidence that Wei notified Urdaneta that his request for annual leave was related to the FMLA leave he had been granted by human resources. In support of his arguments to the contrary, Wei points to an email dated July 2, 2007, in which he requested to use annual leave between July 9 and July 20. He was then informed that he was only approved for *intermittent* absences under the FMLA and would need to fill out a new Serious Health Condition Certification for approval. He was informed that, without an approved Serious Health Condition Certification, he would not be able to use annual leave unless it was approved by his supervisor "subject to Management's responsibility to maintain efficient operations." It appears that Wei then submitted another certification because Wei includes a document showing that on July 6, 2007, he was granted full-time unpaid leave under the FMLA through July 13, 2007. The letter also noted that he was previously granted intermittent leave under the FMLA through August 7, 2007. App. at 447. Wei, however, does not assert that he resubmitted any leave request for annual leave after receiving FMLA approval. He does not point to any request to use annual leave in lieu of unpaid leave under the FMLA that fell within the timing and scope of his FMLA approvals and was denied.

<u>Commission</u>

After the Commission decided against him, Wei emailed it several times and demanded that it change its decision. On May 13, 2009, Wei visited the Commission's legal offices. He demanded that the Commission change its decision and punish his coworkers for perjury. When Wei refused to leave, the police were called, and the officers gave Wei a defiant trespass warning. When he came back the next day on May 14, he was arrested. Wei also alleges that three and a half years after his removal, in February 2011, he went to the Department of Health, and an attorney called the police who stopped and frisked him.

Wei challenges the District Court's conclusion that those persons involved in calling the police were unaware of Wei's protected activity; thus, their calling the police on Wei was not retaliation. However, Wei does not point to any evidence that any protected activity was the cause of the calls to the police. Moreover, Wei's arrest was clearly not retaliation for protected conduct but rather because he violated a no trespass order.

Wei also challenges the District Court's conclusion that the Commission was not acting as an employment agency and could not be sued under Title VII. Wei claims that he went to the Commission looking for job information. However, Appellees noted that no job information is available at the legal office. Moreover, Wei sent an email to a Commission attorney on the afternoon of May 13, 2009, the day before his arrest, with his summary of what had happened that day. He stated that he had discussed his case with the attorney and requested that the alleged perjury by employees be investigated. After being told to leave, Wei stated that he asked to see some documents in his case.

10

Then, the police were called. Wei made no mention of seeking job information. When he was subsequently told that he could not visit the Commission without prior permission, he requested permission to visit the Commission on a weekly basis to search for job information. He was informed that any information he could obtain by visiting the Commission was also available online.

The District Court did not err in determining that the Commission was not acting as an employment agency for the purpose of Wei's claims.

Defamation

Wei brought claims of the denial of due process under 42 U.S.C. § 1983 for several allegedly defamatory statements made by Appellees. In his brief, Wei groups the statements into two categories. First, he argues that those statements made before his termination were the cause of the termination. Here, Wei is again attempting to relitigate the facts surrounding his termination. He appears to be arguing that any statement that implied that he did not finish his assignment was defamatory. However, as noted above, the Commonwealth Court already determined that the Department had just cause for removing Wei based on his failure to complete his assignment.

As for the second category of statements—those made to the EEOC and the courts after his termination —Wei argues that these statements damaged his reputation and caused loss of job opportunity, income, and health. In his brief, Wei points to only one statement as proof that his employment opportunities were damaged. In 2016, the Department of Health filed a form requesting to remove Wei for consideration for employment with the Department. It noted that Wei was dismissed for unsatisfactory

11

performance. App. at 507. Because Wei's removal was, in fact, for unsatisfactory performance, that statement was true and not defamatory.

Default Judgment and Sanctions

Wei argues that the District Court erred in denying his motion for default judgment because the Appellees' counteroffer in settlement negotiations was filed one day late. This argument is beyond meritless. Wei's claims of fraud are again mere attempts to relitigate the facts surrounding his removal from his employment.

Additional claims

Wei contends that he wanted to add claims but the District Court ignored his request. He does not specify in what pleading he made such a request, and we will not comb through over four hundred pleadings to find it. Nor has he argued that justice would require permitting him to amend his complaint. See Fed. R. Civ. P. 15(a)(2) (after time to amend has expired, party may amend with consent of opposing party or leave of court, which should be given when justice requires).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.