**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2424
_____

PALANI KARUPAIYAN; P.P.; R.P.,

Appellants

v.

WIPRO LTD.; THIERRY DELAPORTE, individually and in his official
capacity as MD, CEO of Wipro; ABIDALI NEEMUCHWALA, individually
and in his official capacity as MD, ex-CEO of the Wipro; T.K. KURIEN, individually
and in his official capacity as ex CEO of the Wipro; AZIM HASHIM PREMJI,
individually and in his official capacity as owner, promoter, chairman of the Wipro;
WIPRO ENTERPRISE LTD; IDC TECHNOLOGIES; PRATEEK GATTANI,
individually and in his official capacity as CEO of the IDC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-02005)
District Judge: Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2024

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 14, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Palani Karupaiyan appeals[1] from the order of the District Court denying his motion for leave to proceed in forma pauperis ("IFP") and dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We will affirm in part, vacate in part, and remand for further proceedings.

I.

Karupaiyan submitted to the District Court a motion to proceed IFP along with a complaint against Wipro Limited and related defendants. Most of his complaint accused Wipro of non-actionable misconduct and sought fanciful relief. But he also alleged that Wipro refused to hire him as a software engineer for numerous discriminatory reasons, including his diabetes and his age.

In that regard, Karupaiyan asserted claims for (1) disability discrimination in violation of the Americans With Disabilities Act ("ADA"), and (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). In support of his ADA claim, he alleged that he told a "Wipro employee" that he needed the job because he was diabetic and that the employee responded "Wipro is not place for sick people's employment." (ECF No. 1 at 21 ¶ 98.) And in support of his ADEA claim, he alleged that he is 48 years old (id. at 7 ¶ 2) and that a "Wipro employee" told him "Wipro did not

_____

[1] Karupaiyan purported to sue and then appeal on behalf of his minor children. Our Clerk notified him that he cannot litigate pro se on their behalf. See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). He then filed a motion for various forms of relief from that order but a motions panel denied his requests (as we have done in at least 10 of his prior cases). Thus, Karupaiyan is the only appellant.

2

want[] to give [him] employment opportunity" because "Plaintiff is old US citizen and Wipro team members were under 30 years old" (id. at 20 ¶ 96).

By single order, the District Court denied Karupaiyan's IFP motion and dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The court did so without prejudice to his ability to pay the filing fee or submit a proper IFP motion and to amend his complaint as to certain claims. Karupaiyan filed this appeal instead. We have jurisdiction under 28 U.S.C. § 1291.[2]

## II.

We will affirm the dismissal of most of Karupaiyan's claims for the reasons that the District Cort explained, but we will vacate and remand as to his ADA and ADEA claims. We limit our discussion to those two claims.

First, the District Court dismissed the ADA claim on the sole ground that Karupaiyan did not adequately allege that he exhausted his administrative remedies with the Equal Employment Opportunity Commission (EEOC"). We disagree. There might be some tension in our caselaw regarding whether a Title VII or ADA plaintiff must affirmatively allege exhaustion in order to state a claim.[3] But we need not address the

---

[2] Orders denying IFP status or dismissing a complaint without prejudice typically are not final under § 1291, see Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam), but they can become final if the plaintiff stands on his filings, see Oakwood Labs. LLC v. Thanoo, 999 F.3d 892, 903 & n.9 (3d Cir. 2021). Karupaiyan did that here. We exercise plenary review over the dismissal of a complaint for failure to state a claim, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), but we review the denial of IFP status only for abuse of discretion, see Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

[3] Compare, e.g., Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (treating Title VII exhaustion as part of the claim for purposes of Fed. R. Civ. P. 12(b)(6)), with, e.g., Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (holding that the lack of Title VII

3

issue in this case because Karupaiyan adequately alleged exhaustion under the circumstances presented here. Karupaiyan alleged that he timely filed a complaint regarding Wipro with the EEOC, and he provided the charge number. (ECF No. 1 at 26 ¶ 134.) He also later submitted an EEOC right-to-sue letter bearing that charge number. (ECF No. 12.) Although that letter was not before the District Court when it dismissed Karupaiyan's complaint, it reinforces our conclusion that his pro se complaint alleged enough to avoid dismissal on this ground. Cf. Webb v. DOJ, 117 F.4th 560, 568 (3d Cir. 2024) (reversing dismissal of a pro se complaint where "the complaint raises enough uncertainty about exhaustion [under the Prison Litigation Reform Act] to preclude dismissal at the screening stage").[4]

Second, the District Court did not require Karupaiyan to allege exhaustion of his ADEA claim. Instead, the court dismissed it because "the Complaint does not elaborate on the factual basis of the ADEA claim with specificity as required by Rule 8." (ECF No. 5 at 8.) But Rule 8 does not require factual pleading "with specificity." See In re Tower Air, Inc., 416 F.3d 229, 236 (3d Cir. 2005) (explaining that "to require pleading facts with specificity . . . is not the federal notice pleading standard"). Instead, Rule 8 requires only enough facts to state a plausible claim. See Martinez v. UPMC Susquehanna, 986 F.3d 261, 265, 267 (3d Cir. 2021). The court acknowledged that

exhaustion is an affirmative defense that the defendant bears the burden of pleading).

[4] To be clear, we do not hold that Karupaiyan exhausted this claim or that the court cannot revisit exhaustion under Fed. R. Civ. P. 12(b)(6) or at summary judgment as circumstances might warrant. Instead, we hold only that he alleged enough to survive dismissal at the screening stage under the circumstances presented here.

standard earlier in its opinion, but it did not address whether or how this claim fell short of that standard. Nor did it otherwise identify any specific deficiency on this claim.

Nevertheless, we agree that Karupaiyan failed to state an ADEA claim on the merits, and we reach the same conclusion as to his ADA claim. Although Karupaiyan made some direct allegations of discrimination as noted above, those stray allegations buried in the middle of his largely fanciful complaint[5] do not raise a plausible inference of discrimination under the circumstances presented here. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim" is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense."); Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (looking to "[t]he circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations").

Karupaiyan, for example, has not alleged material facts bearing on his claims that one would expect to be within his knowledge, such as the specific position or positions for which he applied, or when. Nor has he alleged any identifying information about the "Wipro employee" or employees who allegedly made the statements referenced above or any other employee with whom he may have spoken or who might have been involved in the alleged decision not to hire him. Cf. Martinez, 986 F.3d at 267 (summarizing details

---

[5] Karupaiyan's allegations of discrimination occupy only about two pages of his 41-page complaint. The rest of the complaint accuses Wipro and other defendants of non-actionable misconduct (such as violation of various criminal statutes) and requests plainly fanciful relief (such as an order transferring ownership of Wipro to him).

5

that were enough to put the defendant on notice of an ADEA claim). Such details are all the more important here because Karupaiyan alleges that Wipro's decision not to hire him was the product of numerous separate forms of discrimination.

In sum, Karupaiyan has not stated an ADA or ADEA claim (or any other discrimination claim). But as to his ADA and ADEA claims only,[6] we will remand for the District Court to give him another chance to amend his complaint. We take that step because the court did not reach the merits of his ADA claim and did not identify any specific deficiency with his ADEA claim.[7] For similar reasons, we conclude that Karupaiyan has not waived or forfeited the ability to amend his complaint as to these claims by standing on his compliant for purposes of appellate jurisdiction. Cf. Semerenko v. Cendant Corp., 223 F.3d 165, 172-73 (3d Cir. 2000).

---

[6] Karupaiyan also asserted his claims of disability and age discrimination under the New Jersey Law Against Discrimination ("NJLAD"). (ECF No. 1 at 26 ¶¶ 302, 304.) The District Court did not identify those claims, but our discussion of Karupaiyan's ADA and ADEA claims and our remand applies equally to them.

[7] In noting several deficiencies ourselves, we do not intend to provide a checklist of specific matters that Karupaiyan must allege or that will suffice to state a claim. Instead, if Karupaiyan files an amended complaint, and if the District Court screens it under § 1915(e)(2)(B), see note 9, infra, then the court can consider whether the amended complaint as whole states plausible claims to relief.

Thus, we will vacate the dismissal of these claims and will remand for further proceedings. On remand, the court should provide Karupaiyan with another chance to cure his IFP application[8] and another chance to amend his complaint.[9]

## III.

For these reasons, we will affirm in part but will vacate the order of dismissal in part and remand for further proceedings as to Karupaiyan's claims under the ADA and ADEA and his related claims under the NJLAD. Karupaiyan's motion to enjoin a Wipro "outsourcing deal" is denied. To the extent that any of Karupaiyan's filings on appeal can be construed to request any other relief, such relief is denied as well.

---

[8] Karupaiyan has argued on appeal that he need not show indigence in order to proceed IFP because this suit is in the "bests interest" of the United States. That argument lacks merit because the IFP statute requires a showing of indigence, see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989), which in turn requires "particularized information with regard to the party's financial status," id. at 602 n.5. And we agree with the District Court that Karupaiyan failed to make that showing for the reasons the court explained. But in light of our ruling, the court should give Karupaiyan another chance to make that showing on remand.

[9] When a plaintiff submits an IFP motion and a complaint, courts can address IFP status and dismissal under § 1915(e)(2)(B) "in either order or even simultaneously." Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). The District Court in this case addressed the issues simultaneously, but nothing in this opinion prevents the court from taking a different approach on remand after giving Karupaiyan another chance to cure his IFP application and amend his compliant.