**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2984, 24-3099
_____

CHELSEA HENKEL, on behalf of herself and others similarly situated

v.

HIGHGATE HOTELS, LP; COVE HAVEN INC.

CHELSEA HENKEL, LISA HASTINGS, LEONORA MOCERINO, CRAIG
MOCERINO, LIZETH LARKIN, NOELLE ANDRONE, TAMMY BRADLEY,
CHRISTOPHER CARROLL, CHRISTOPHER COLELLA, DENNIS CONSIDINE,
GANESA CULIC, MILAN CULIC, MICHAEL CZARTOSIESKI, VERONICA
GIBBONS, SUSAN GRUBER, JESSICA GURATOSKY, VERONICA HARR, JENNA
HASTINGS, DESIREE HERZOG, ROBYN KLIM, GENA KLINE, APRIL LESCIO,
CHRISTINA LOMBARDI, JOCELYN LORIZ, JOSE MATOS, REBECCA MORRIS,
JOYCE PAROLA, JOHN RODRIGUEZ, ERIN SCHUMAN, PAULA STRADA,
BLAKE SUHR, KATIE WASCO-HYNAK, MARK WOLFF, PETER VENTIMIGLIA,
HEATHER YEAGER,
Appellants in No. 24-2984

CHELSEA HENKEL, on behalf of herself and others similarly situated

v.

HIGHGATE HOTELS, LP; COVE HAVEN INC.,
Appellants in No. 24-3099

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cv-01435)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2025
_____

Before: SHWARTZ, MATEY, and FISHER, *Circuit Judges*

(Filed January 20, 2026)
_____

OPINION[*]
_____

MATEY, *Circuit Judge*.

Chelsea Henkel sued Highgate Hotels and Cove Haven on behalf of employees asserting federal and state causes of action based on the resorts' alleged failure to share the proceeds from "gratuity fees" paid by guests.[1] The District Court denied the resorts summary judgment on the unjust enrichment claim and granted them summary judgment on the claim for breach of contract to an intended third-party beneficiary.[2] The court also certified classes of hotel servers and housekeepers, and the unjust enrichment claim proceeded to trial. After the jury returned a verdict in Henkel's favor, the District Court

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Henkel's operative complaint included claims for unpaid minimum wages and unpaid overtime wages under the Fair Labor Standards Act (FLSA) and Pennsylvania's Minimum Wage Act (MWA), breach of contract to an express third-party beneficiary, breach of contract to an intended third-party beneficiary, unjust enrichment, and conversion.

[2] Henkel does not challenge the district court's order granting summary judgment on her breach of contract to an express third-party beneficiary, conversion, and unpaid minimum wage claims.

granted the defendants' renewed motion for judgment as a matter of law. The parties cross-appealed and seeing no error, we will affirm the District Court's decisions.[3]

## I.

Summary judgment was appropriate on Henkel's claim for breach of contract to an intended third-party beneficiary.[4] Recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983) (citation omitted), and Henkel asserts that the purpose of the contract included providing guests with traditionally tipped services in exchange for an up-front gratuity fee, some portion of which would be distributed to the resorts' employees. But Henkel relies on employee testimony that reveals little about the guests' knowledge, let alone an intention that the fee be distributed in any particular way.[5]

---

[3] We write only for the parties so only briefly sketch the factual allegations and motions practice. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. Henkel appeals only 1) the order granting summary judgment on her claim for breach of contract to an intended third-party beneficiary, 2) the order granting the resorts' renewed motion for judgment as a matter of law on her unjust enrichment claim, and 3) the ruling affecting her presentation of damages evidence. The resorts conditionally cross-appeal the District Court's denial of their motion to decertify the classes, but we need not reach that issue.

[4] "We review anew the District Court's summary judgment decisions, applying the same standard it must apply." *Road-Con, Inc. v. City of Philadelphia*, 120 F.4th 346, 353 n.7 (3d Cir. 2024) (citation and quotation marks omitted). "To prevail on summary judgment, the moving party is required to 'show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 56(a)).

[5] The resorts pointed to evidence that the gratuity fee was invisible to many guests when they booked their rooms, supporting the conclusion that most had no intention about how that fee would be distributed.

Because Henkel points to no evidence of the guests' intentions with respect to distribution of the gratuity fee—a problem exacerbated by her failure to identify what specific contracts are at issue[6]—we cannot conclude that recognition of third-party beneficiary status would be "appropriate to effectuate the intention of the parties." *Guy*, 459 A.2d at 751. So we will affirm the decision granting summary judgment on the claim for breach of contract to an intended third-party beneficiary.

## II.

We also see no error in the District Court's order granting the resorts' renewed motion for judgment as a matter of law on Henkel's unjust enrichment claim.[7] Under Pennsylvania law, a plaintiff must prove 1) "benefits conferred on defendant by plaintiff," 2) "appreciation of such benefits by defendant," and 3) "acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Shafer Elec. & Constr. v. Mantia*, 96 A.3d 989, 993 (Pa. 2014) (citation omitted); *see also Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 817 (Pa. Super. Ct. 2017).

Henkel alleged that the "benefit" unjustly retained by the resorts was the gratuity fee, money paid by the resort guests. But Pennsylvania law unambiguously requires that "such benefit[]" be "conferred on defendant by plaintiff." *Shafer*, 96 A.3d at 993 (citation

---

[6] The parties have submitted numerous documents, none written contracts between the guests and the resorts governing the all-inclusive stay.

[7] We review a decision on a motion for judgment as a matter of law de novo, but "view[] the evidence in the light most favorable to . . . the prevailing party." *McKenna v. City of Philadelphia*, 649 F.3d 171, 176 (3d Cir. 2011).

omitted). The record is devoid of evidence that would allow a jury to conclude that element was met because the resort guests, not the servers or housekeepers, conferred the benefit allegedly unjustly retained. So the District Court correctly granted the resorts' motion.[8]

Nor is the District Court's change in reasoning relevant because "we have consistently held" that notwithstanding the law-of-the-case doctrine, courts are "free to reconsider an earlier denial of summary judgment" when 1) "new evidence is available," 2) "a supervening new law has been announced," or 3) "the earlier decision was clearly erroneous and would create manifest injustice." *Roberts v. Ferman*, 826 F.3d 117, 126 (3d Cir. 2016) (citation and quotation marks omitted); *see also Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3d Cir. 1984) ("The [law-of-the-case] doctrine is not a barrier to correction of judicial error." (citation and quotation marks omitted)). Here, the District Court explained that its summary judgment decision relied on another federal district court's imprecise articulation of the first element, that a plaintiff must prove that "benefits have been conferred on one party by another." *See Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 480 (E.D. Pa. 2010). Properly, the District Court later confirmed that articulation finds no support, and "the cases uniformly state that it is the plaintiff that must confer the benefit on the defendant." App. 891. The court properly "explain[ed] on the record the reasoning behind its decision to reconsider the prior ruling." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

---

[8] Our conclusion obviates the need to consider the parties' other challenges to the District Court's trial and post-trial rulings.

5

"To be sure, we have said that when a court reconsiders a prior decision, it must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (citation and quotation marks omitted). But here, the summary judgment opinion did not affect how Henkel tried her unjust enrichment claim to the jury, only whether there should have been a trial in the first place. *Cf. Williams*, 130 F.3d at 573.

\* \* \*

For these reasons we will affirm the judgment of the District Court, and dismiss the resorts' conditional cross-appeal as moot.